[No. 2760.  Decided November 26, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM H. BARKULOO, *Appellant*.

LARCENY OF CATTLE — SUFFICIENCY OF INFORMATION — RECORD ON APPEAL — RECITALS AS TO SWEARING JURY AND BAILIFF — SEPARATION OF JURY.

An information states facts sufficient to constitute the crime of cattle stealing, when it alleges that defendant " at the county of Spokane and state of Washington, then and there being, did

then and there unlawfully and feloniously take, steal, carry and drive away two head of neat cattle then and there being, and which said two head of neat cattle were then and there the property of and belonging to one E. L. Wonch," etc.

The record on appeal sufficiently shows that the jury in a criminal case was properly sworn, when it sets out that "the jury was sworn to try the cause well and truly," as it is not necessary that the record contain the language of the oath for the purpose of showing conformity to the language of the statute. (ANDERS, J., dissents).

The statement in the record on appeal of a criminal case that the jury retired in charge of a sworn bailiff is sufficient to show that the bailiff was duly sworn.

A jury in a criminal case cannot, after agreeing upon a verdict, separate before its return into court.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*Eugene Fitzgerald*, and *James E. Fenton*, for appellant:

The record in this case fails to show that the jury therein were sworn according to law. The rule is well settled that it is not necessary that the record should contain the oath which was administered to the jury trying a criminal case, the statement that the jury was sworn according to law being sufficient. *Holland v. State*, 14 Tex. App. 182; *Leschi v. Territory*, 1 Wash. T. 13; *Arthur v. State*, 3 Tex. 404. But where the records in a criminal case disclose that an oath, different in its terms from that prescribed by statute, was administered to the jury, the judgment will be reversed. *Bawcom v. State*, 41 Tex. 189; *Martin v. State*, 40 Tex. 19. Any other oath than the one prescribed by statute is in contemplation of law no oath. *Leer v. State*, 2 Tex. App. 495; *Tharp v. State*, 3 Tex. App. 90; *McHenry v. State*, 14 Tex. App. 209.

Section 1303, 2 Hill's Code (Bal. Code, §6936), prescribes the form of oath to be administered to a jury in a

criminal case, as follows: "The jury shall be sworn or affirmed well and truly to try the issue between the state and the defendant, according to the evidence." Now, it will be observed that the record in this case shows that "the jury was sworn to try the cause well and truly," but it omits to add, "according to the evidence," or "according to law." *Warren v. State*, 1 G. Greene, 106; *Harriman v. State*, 2 G. Greene, 270. It is sufficient objection to oath of jurors that statutes have prescribed an exact form of oath to be administered in criminal trials to jurors, and that it was not administered. *State v. Rollins*, 2 Fost. 528.

Where the oath administered is stated, the court will not presume that the jury was not otherwise sworn, and, if the swearing be not in accordance with the statutes, the verdict will be set aside. *Bivens v. State*, 6 Eng. 455; *State v. Jones*, 5 Ala. 666; *Johnson v. State*, 47 Ala. 62; *Schamberger v. State*, 68 Ala. 543; *Bugg v. State*, 47 Ala. 50; *Horton v. State*, 47 Ala. 58; *Smith v. State*, 47 Ala. 540.

The opinion of the court was delivered by

REAVIS, J.—The defendant was convicted of an offense, charged in the following language:

"That on the 9th day of December, A. D. 1896, at the county of Spokane and state of Washington, the said William H. Barkuloo and Andrew McLeod then and there being, did then and there unlawfully and feloniously, take, steal, carry and drive away two head of neat cattle then and there being, and which said two head of neat cattle were then and there the property of and belonging to one E. L. Wonch, and were then and there of value, contrary to the statute," etc.

The defendant demurred to the information because it did not state facts constituting a crime, and did not substantially conform to the requirements of the penal code (Penal Code, §52, Bal. Code, §7113). We think the facts stated

are sufficient to constitute the crime of cattle stealing, and the demurrer was properly overruled.

Defendant also complains that the record only shows "The jury was sworn to try the cause well and truly," and that, while is it not necessary that it should contain the oath which was administered, yet if it purports to disclose the oath administered to the jury, it must show that the oath required by the statute (Code Proc., §1303, Bal. Code, §6936) was administered; and that the oath administered here was not in the statutory language. It is unquestionably the better practice, if the record purports to set out the oath administered to the jury, that the terms of such oath should be truly stated and conform to the statute. It is not necessary, however, for the record to contain the language of such oath. The statement that the jury retired in charge of a sworn bailiff is sufficient to show that the bailiff was duly sworn.

After the case was finally given to the jury for consideration, they were instructed that when they arrived at a verdict it might be signed, sealed and delivered to the foreman, and thereafter the jury might separate and all return into court together when the verdict should be returned in court. The jury sealed and delivered their verdict to the foreman, and then separated before the verdict was returned into court. For this error the judgment must be reversed upon the authority of *State v. Rogan, ante,* p. 43.

In view of a new trial it is not necessary to discuss the objections to the introduction of testimony made by the appellant.

Remanded for a new trial.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.

ANDERS, J., (concurring).—The learned trial court undoubtedly erred in permitting the jury to separate after the

cause was finally submitted to them, and for that reason the judgment must be reversed. But I think the judgment ought to be reversed for another reason, and that is that the jury were not sworn according to law, as the record itself shows. The legislature having prescribed the form of the oath, that form should be at least substantially followed in all cases. And this, the record affirmatively shows, was not done in this instance.