[No. 26002. Department Two. April 16, 1936.]

THE STATE OF WASHINGTON, *Respondent,* v. C. H. MELSON, *Appellant.*[1]

*Gleeson & Gleeson,* for appellant.

*Ralph E. Foley, C. C. Quackenbush,* and *Carl P. Lang,* for respondent.

MAIN, J.—The defendant was charged with the crime of first degree perjury. The trial resulted in a ver-

[1] Reported in 56 P. (2d) 710.

dict of guilty. Motions in arrest of judgment and for new trial being made and overruled, the defendant appealed from the judgment and sentence.

Nellie Gunderson died December 14, 1931, leaving what purported to be a last will and testament which in time was offered for probate. Subsequently, a contest of the will was instituted and resulted in a judgment to the effect that the testatrix's signature to the will was a forgery. The appellant was one of the witnesses to the will and testified in support of it, to the effect that the testatrix signed it in his presence and in the presence of the other subscribing witness. There was an appeal from that judgment, which was sustained in the case of *In re Gunderson's Estate,* 174 Wash. 462, 24 P. (2d) 1070.

In the present action, the appellant was charged with swearing falsely in support of the will.

Upon the trial, the state called the complaining witness in rebuttal, and he was permitted to testify, over objection, that the appellant would give him five hundred dollars if he "would withdraw your charges of perjury." It is said that this is error because it is evidence of a crime other than that for which the appellant was on trial and does not fall within any of the exceptions to the rule that such evidence cannot be submitted.

That contention cannot be sustained, because the rule sought to be invoked is not applicable. The rule here applicable is that a party's fraud or misconduct in the preparation or presentation of his case, such as the suppression or attempt to suppress evidence, can be shown against him as a circumstance tending to prove that his cause lacks truth and honesty. *State v. Constantine,* 48 Wash. 218, 93 Pac. 317; *State v. Arnold,* 130 Wash. 370, 227 Pac. 505. There was no error in permitting the question to be answered.

10

■ It is next contended that it was error not to permit a witness called by the appellant to testify to declarations made by the testatrix subsequent to the execution of the purported will and while she was in the hospital seriously ill. The statement which was sought to be introduced was: "I have everything fixed as I want it." This was said in response to an inquiry as to whether the testatrix desired a friend of hers to be called.

Upon the question as to whether declarations of this character may be introduced in evidence in support of the will, the authorities are not harmonious. Some courts hold that such declarations are not admissible except for the purpose of showing mental capacity; others that they may be offered for the purpose of showing that a will had been made. It is not necessary here to adopt either of these rules. It will be assumed, without so deciding, that the declaration could be received in support of the will if it were sufficiently definite to show that that was what the declarant had in mind. Here, the statement was only to the effect that: "I have everything fixed as I want it." This may have referred to a will, or it may have referred to the disposition of her property in some other manner. Whether it referred to the will, if she had made a will, or to something else, is purely conjectural, and for this reason it was properly rejected.

■ It is next contended that the deputy prosecuting attorney, in his opening argument to the jury, committed reversible error in stating: "I do have an abiding conviction of my own as to the guilt of this defendant." This was objected to, and the court promptly instructed the jury that the belief of counsel was not proper for their consideration. In explanation of the statement, the deputy prosecutor stated to

the jury that he was basing it upon the evidence in the case.

If the statement was based upon something other than the evidence in the case, it was improper argument. On the other hand, if it was based upon the evidence in the case, it was entirely proper. *State v. Peeples,* 71 Wash. 451, 129 Pac. 108; *State v. Ragan,* 157 Wash. 130, 288 Pac. 218. The statement here involved, when first made, does not clearly show whether it was the individual opinion of the deputy prosecutor or a conviction based upon the evidence. Whatever construction it may be subject to, the error, if any, was cured by the instruction of the court and the subsequent explanation of the prosecutor to the jury.

It is next contended that the deputy prosecuting attorney was guilty of misconduct in commenting upon the failure of the appellant to cross-examine one of the witnesses called by the state. This witness was the superior court judge before whom the will contest had been tried. He was called as a witness in this case and testified as to what the appellant had testified to in the trial before him. In the argument to the jury, attention was called to the fact, as already indicated, that there was no cross-examination of this witness, with the further statement that he "probably knows more about this than anyone else." To this argument, no objection was made, and no motion that the court instruct the jury to disregard it.

Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury, and an exception taken to the court's refusal to do so, unless the misconduct be so flagrant that no instruction would cure it. *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942; *State v.*

*Johnson,* 103 Wash. 59, 173 Pac. 723. The statement here complained of, even though it be assumed that it was not proper comment, a question which we pass without determination, at least was such that the effect of it could have been cured by an instruction from the court to the jury.

It is next contended that the testimony of the two handwriting experts called by the state was not based on the proper standards. In this connection, it is said that Albert S. Osborn's work on "Questioned Documents" prescribes the standard for such testimony. The state introduced a number of documents which contained either the admitted signature of the testatrix or the signature was supported by evidence. It is claimed that the signatures used for comparison should have been those made more nearly to the time of the death of the testatrix.

The matter, however, goes to the weight of the evidence, and not to its admissibility. So far as we are informed, no court has held that, in order that such testimony may be admissible, it must conform to the standards prescribed by Osborn. The testimony was properly admitted, and its weight was for the jury to determine. *In re Zimmerli's Estate,* 162 Wash. 243, 298 Pac. 326.

There is the further contention that the trial court abused its discretion in refusing a new trial. This contention seems to be based largely upon the assumption that the testimony of the appellant's handwriting experts greatly outweighed that of those called by the state. Before we could disturb the ruling of the trial court on the motion, it would be necessary to find that that court had abused its discretion in refusing to grant the motion for new trial. There is nothing in the record from which it can be concluded or found that

the trial court in any manner abused its discretion in denying the motion.

The judgment will be affirmed.

Millard, C. J., Blake, Beals, and Holcomb, JJ., concur.