[No. 27056. Department Two. June 16, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK PAPPAS *et al., Appellants.*[1]

*John F. Garvin* and *J. E. Bakken,* for appellants.

*B. Gray Warner* and *Laurance A. Peters,* for respondent.

[1]Reported in 80 P. (2d) 770.

STEINERT, C. J.—This is an appeal from a judgment, in a cause tried before a jury, convicting appellants herein of the crime of possession of liquor with the intent to sell it unlawfully.

The record discloses these facts: Agents of the state liquor control board visited certain premises in the city of Seattle on a particular occasion and there made a purchase of intoxicating liquor, but from persons other than these appellants. A few days later, the officers procured a search warrant and again went to the premises, with the purpose of making a raid. As they approached the place, they were observed by appellant Platis, who was acting as a "lookout." Platis immediately ran into the building, hastily closed and locked the door, and at the same time called out, "Dump!" The officers thereupon broke into the building and found appellant Pappas standing at the end of a bar near a sink; his hands and face were bleeding. In the sink, wherein water was running, was a quantity of broken glass and a hammer. No intoxicating liquor that could be preserved by the officers was found on the premises, but the fumes of whiskey were strong about the sink. On the wall behind the bar was a Federal retail liquor dealer's license, technically referred to as a "stamp."

The prosecution was brought under Rem. Rev. Stat. (Sup.), § 7306-92A [P. C. § 3180-102a], Laws of 1937, chapter 144, § 1, p. 518, which reads:

"Any person who shall keep or possess liquor on premises conducted or maintained by him as principal or agent with the intent to sell the same contrary to provisions of this act, shall be guilty of a gross misdemeanor. The possession of liquor by such principal or agent on premises conducted or maintained, under Federal authority, as a retail dealer in liquors, shall be *prima facie* evidence of the intent to sell liquor."

The basic elements of the crime as defined by the statute are, first, possession of liquor on premises conducted or maintained by the person, and, second, intent to sell it contrary to the provisions of the Washington state liquor act.

With respect to the first element, we are satisfied that the evidence was ample to warrant the jury in finding, as the verdict indicates that it did, that appellants kept or possessed liquor on premises conducted or maintained by them, either as principals or as agents. Appellants did not challenge the sufficiency of the evidence to sustain the verdict and, in their brief, concede that no question on that score is now subject to review.

Upon this appeal, wherein appellants are represented by substituted counsel, the sole assignment of error relates to the admission of certain testimony during the trial.

The officers testified that, when they entered the building at the time of the raid, they "saw a Federal liquor license on the wall." So far as the record discloses, this brief recital was all the evidence, either on direct or cross examination, with respect to the license. The only objection interposed to this testimony was that it was not the best evidence.

The testimony as thus given bore upon the second element of the offense, namely, intent. Upon that element, the court instructed the jury as follows:

"You are instructed that the possession of liquor by such principal or agent on premises conducted or maintained, under Federal authority, as a retail dealer in liquors, shall be *prima facie* evidence of the intent to sell such liquor."

No exception was taken to the instruction.

The admission of this evidence did not offend the "best evidence rule." The Federal liquor license, posted on the wall and exposed to ready view, was or

purported to be a notice to all who should observe it that the place was conducted or maintained under Federal authority and was operated in compliance with the internal revenue act. That act imposes a special tax on retail dealers in liquors, requires all persons liable to such tax to place and keep conspicuously on their business premises all "stamps" denoting payment of the tax, and provides penalties for failure so to do. 26 U. S. C. A. §§ 1394 (b) (1), 1404 (b), 1405. The license, or stamp, was thus a part of the furnishings with which the place was equipped and, being a physical thing, was capable of identification and description by the officers and agents who saw it. *Commonwealth v. Brown*, 124 Mass. 318.

If the license be considered in the aspect of a written document, then it is to be noted that the testimony of the officers was not with respect to its terms, but only with respect to its existence or identity. The rule requiring the production of written instruments or documents applies only to the terms and not to the existence of such documents. Jones on Evidence (2d ed.), 1427, § 769; 2 Wigmore on Evidence (2d ed.), § 1242; 10 R. C. L., 903, § 54.

In support of their one contention, appellants further say that it was not shown that the license tax was paid by either of them or that they were named in the license certificate or had any connection therewith. Assuming that these would have been tenable grounds for objection, they cannot be effectively asserted here because they were never suggested to the trial court.

If an objection naming a specific, but untenable, ground be overruled, it cannot upon appeal be made to rest upon another ground which, although tenable, was not called to the attention of the court during the trial. *Gustin v. Jose,* 11 Wash. 348, 39 Pac. 687; *Beebe v.*

*Redward,* 35 Wash. 615, 77 Pac. 1052; *Urquhart v. Coss,* 60 Wash. 249, 110 Pac. 1001; *Mosler v. Woodell,* 189 Wash. 583, 66 P. (2d) 353; 1 Wigmore on Evidence (2d ed.), 185, § 18 c. (2).

We find no error in the record. The judgment is therefore affirmed.

BEALS, MILLARD, BLAKE, and ROBINSON, JJ., concur.