[No. 31243. *En Banc.* September 22, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANCIS E. LANE, *Appellant*.[1]

*Deane W. Parker* and *William S. Lewis*, for appellant.

*Charles O. Carroll* and *John C. Vertrees*, for respondent.

BEALS, J.—The above-entitled cause was argued to a Department of this court March 7, 1950, and an opinion was written (36 Wn. (2d) 227, 217 P. (2d) 322). The conviction of the appellant under count I of the amended information, charging him with the crime of forcible rape, was reversed and the cause remanded for a new trial, but, through inadvertence, we failed to consider and determine

[1]Reported in 222 P. (2d) 394.

the questions presented upon appellant's appeal from his conviction of the crime of burglary in the second degree as charged by count II of the amended information.

A petition for rehearing filed by respondent was granted, and the cause reargued before the court, sitting *En Banc.* The court adheres to the opinion filed, in so far as count I of the amended information is concerned.

The two crimes with which appellant was charged were committed at the same time and place and, in so far as the facts concerning the crime charged by count II of the amended information are stated in our prior opinion, they will not be here repeated.

Appellant's assignments of error are also stated in our prior opinion, in which his assignment No. 6 was the only one discussed, as it was held that that assignment required reversal of appellant's conviction under count I.

We shall consider the questions presented by appellant upon his appeal from the judgment of guilty on count II of the amended information charging him with the crime of burglary in the second degree, committed July 4, 1949, by unlawfully and feloniously, with intent to commit a crime therein, breaking and entering the dwelling of Mrs. ................... ............................. in Seattle, King county, Washington.

By assignment of error No. 1, appellant argues that the jury was not sworn to try the issues between the state and appellant, as to the crimes charged in the amended information. The crimes with which appellant was charged were committed July 4, 1949. Appellant was promptly arrested and an information charging him with the crimes was filed July 7, 1949. July 8th, on motion of the prosecuting attorney, an order was entered allowing the information to be amended, and an amended information was filed that day. The first information filed charged that the crimes were committed June 4, 1949, and, by the amended information, it was charged that the crimes were committed July 4th. July 12th, the appellant was arraigned "on information filed," and, July 19th, he entered a plea of not guilty as to both counts, and also filed a plea of insanity. Later, appel-

lant, in open court, in the absence of the jury, formally withdrew his plea of insanity.

September 12th, the case was called for trial, appellant being represented by counsel, a jury was impaneled and sworn, and an opening statement made on behalf of the prosecution. Appellant's counsel requested that the jury be excused, and the jury withdrew.

Appellant's counsel stated that the prosecution had told the jury that the crime was committed July 4th, when the certified copy of the information which had been served upon appellant charged that the crime had been committed June 4th. Appellant's counsel stated that no amended information had been served upon appellant and that each of the two counts, as presented to the jury, was subject to demurrer, as the information served upon appellant charged that the crimes were committed June 4th, and for the further reason that, as to the second count, the information did not charge that the alleged burglarious entry was made with the intent to commit a crime.

The trial court asked appellant's counsel whether or not appellant had been advised that he was to be tried upon an amended information. Appellant's counsel claimed his privilege and refused to answer this question. Appellant contends that, when he was arraigned, only the original information was read to him. Being further questioned by the court, appellant's counsel did not claim surprise, but stood upon the proposition that the record showed that appellant was arraigned upon the "information filed." Appellant's counsel then stated that appellant was in court prepared to defend against the amended information. The trial court ruled that appellant should be arraigned upon the amended information, and said:

"The record shows that the defendant comes into court prepared to defend this crime in regard to the date as charged as having been committed on July 4. Therefore, there can be no surprise. At this time, in order that there be no question in the record in regard to the law, you may proceed to arraign the defendant on the amended information; and by this I do not mean that he was not arraigned on the amended information on July 12."

The prosecuting attorney, in the absence of the jury, then commenced to read the amended information to the appellant, whereupon the latter's counsel stated that the trial had commenced, a jury had been impaneled, and that appellant was now being put upon his trial on another information. The trial court ordered the reading of the amended information to continue, and a copy thereof was served upon appellant. The court stated that the record showed that appellant was before the court pursuant to a warrant issued upon the amended information. When the trial court called upon appellant to plead to the amended information, he stood mute, and the court directed that pleas of not guilty be entered on his behalf, and stated that appellant had withdrawn his written plea of mental irresponsibility.

The trial court then stated to appellant's counsel, "I still will ask you the question: you do not ask for a continuance of this trial?" to which appellant's counsel replied: "I do not ask for a continuance of this trial."

The court declared a recess and, shortly thereafter, the jury returned and the trial proceeded.

During the course of the trial, ample evidence was introduced by the prosecution, without objection by appellant, to the effect that the offenses were committed July 4, 1949.

Mrs. ............................ testified that a little after ten o'clock in the evening of July 4, 1949, she was alone in her home, when the doorbell rang and she went to the door and called, "Who is it?" but, as she was expecting her husband, she opened the door; that appellant jumped up on the porch and said, "Is your husband home?" to which she replied, "No, he isn't but he'll be in any minute."; that appellant pushed her aside, forced his way into the house and closed the door; that she screamed when appellant started to pull down the shades; and that appellant then placed his hand over her mouth and knocked her down.

She further testified (without objection) that she screamed again when appellant choked her and struck her; that appellant removed what money she had in her wallet and then attacked her and committed the crime with which

he was charged by count I of the amended information. The evidence amply supports the verdicts of guilty on both counts.

Appellant argues that the jury was sworn to try him upon the information and not upon the amended information, and that, as at that time there was no issue on the amended information, the jury was not authorized to try appellant thereon.

A very similar question was presented, *inter alia*, to this court in the case of *State v. Nilnch*, 131 Wash. 344, 230 Pac. 129, in which we said:

"After the empaneling of the jury and the opening statement of counsel, the court's attention was called to the fact that the defendant had not theretofore been arraigned. Thereupon, over the objection of his counsel, the defendant was arraigned, and he standing mute, the court ordered a plea of not guilty to be entered in his behalf. No request for additional time to plead, or for a continuance, was made. This action of the trial court is assigned as error. But we think it is a mere irregularity not affecting any of appellant's substantial rights. What has already been said by this court in *State v. Straub*, 16 Wash. 111, 47 Pac. 227; *State v. Sexton*, 37 Wash. 110, 79 Pac. 634; *State v. Kinghorn*, 56 Wash. 131, 105 Pac. 234, 27 L. R. A. (N.S.) 136, and *State v. Garland*, 65 Wash. 666, 118 Pac. 907, is sufficient answer to appellant's argument, and further comment is unnecessary."

In the case cited, it appeared that the jury was impaneled and sworn prior to the arraignment of the defendant. The only difference between the case cited and the case at bar is that, in the latter case, appellant was arraigned upon an amended information instead of upon the original information. The difference between the two cases is unimportant and, upon the authority of the case cited, appellant's first assignment of error is without merit.

By his second assignment of error, appellant argues that, prior to assuming charge of the jury, the bailiff was not sworn to perform the duties of his office, citing in support of his contention *State v. Barkuloo*, 18 Wash. 141, 51 Pac. 350,

in which, referring to one of the assignments of error, this court said:

"The statement that the jury retired in charge of a sworn bailiff is sufficient to show that the bailiff was duly sworn."

In the case at bar, the record is silent concerning any special oath administered to the bailiff placed in charge of the jury. In the *Barkuloo* case, the court did not say that a bailiff assuming charge of a jury in a criminal case must be sworn to faithfully perform his duties. Our attention is not called to any statute of this state requiring that a bailiff shall be so sworn.

In 53 Am. Jur. 625, § 859, appears the following:

"In the absence of statute requiring it, it is not necessary that the sheriff, marshal, or deputy placed in charge of a jury be specially sworn as bailiff of the jury, or at least, the omission to administer such special oath is not fatal where no objection was made and no prejudice to the accused appears."

The judge who presides over the court, the clerk who keeps a record of the trial, and the bailiff who performs his duties, are sworn officers, and until their authority to perform their appropriate functions is questioned, their authority to act is assumed.

Appellant's second assignment of error is without merit.

By assignment of error No. 3, appellant contends that the following statement made by the prosecuting attorney at the end of his closing argument to the jury was misconduct and prejudicial to the right of the appellant to have a fair and impartial trial:

"And I certainly want to say that it would be a shock to me and to anybody who knows of this case to not have a verdict of guilty brought in by you. . . ."

From the statement of facts, it appears that, after the prosecuting attorney had concluded his argument, appellant's counsel said:

"I am thinking about the last statement the state just made. He is asking the jury to convict him not on the evidence submitted in this case but on the prosecution's personal knowledge. Now I believe it's a wrong statement to

make, and I move that there be a mistrial on that statement."

The trial court denied the motion for a mistrial. It does not appear from the record that appellant requested that the jury be instructed to disregard the portion of the argument above quoted. In the case of *State v. Melson*, 186 Wash. 8, 56 P. (2d) 710, we said:

"Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury, and an exception taken to the court's refusal to do so, unless the misconduct be so flagrant that no instruction would cure it."

See, also, *State v. Evans*, 145 Wash. 4, 258 Pac. 845; *State v. Unosawa*, 29 Wn. (2d) 578, 188 P. (2d) 104.

While the jury had already been instructed, appellant's counsel might have asked for a further instruction in connection with what he deemed to be an improper argument advanced by respondent's counsel.

By his fourth assignment of error, appellant contends that a statement made by the prosecuting attorney to appellant's counsel during the trial was misconduct and prejudicial to the right of appellant to have a fair and impartial trial.

The statement of facts discloses that, during an argument as to the admissibility in evidence of a photograph of the prosecuting witness, the prosecuting attorney stated, in the presence of the jury:

"After all, this is a brutal rape case, and I think the jury is entitled to see and hear the evidence."

Appellant's counsel then said: "Aren't you concluding? Are you the judge and the jury, too?" to which the prosecutor replied: "I am not the judge and jury. I am merely presenting the facts as they are."

At the close of the evidence, appellant's counsel moved that the case be dismissed, arguing that the statement by the prosecuting attorney was highly objectionable. At the close of his argument, appellant's counsel said:

"At that time I didn't like to object because I believe an objection cuts the case in half. But I don't believe that's a

proper statement for the state to make. The state is supposed to produce evidence to prove a certain allegation, not to come right out and say this is a brutal rape case. That means the whole state of Washington believes that; they don't have to prove it; they only have to state it,—this is a brutal rape case. . . ."

Appellant's counsel then moved that the court instruct the jury to disregard the statement referred to. After some further colloquy, the court said: "There was no objection made at the time."

Although the statements by the prosecuting attorney should not have been made, by way of argument or otherwise, from the record before us and in view of our previous decisions, above cited, we are of the opinion that appellant's assignments of error in connection with these matters are without merit.

■ Finally, by his last assignment of error, appellant argues that the written verdict of the jury should be set aside for the reason that the jury found the appellant guilty of the crimes as charged in count I and count II of the information, instead of referring to the amended information.

In 53 Am. Jur. 716, § 1036, appears the following text:

"Because inartificial expressions and words are sometimes employed in framing a verdict, the first object in the construction of a verdict is to learn the intent of the jury, and when this can be ascertained, such effect should be given to the verdict, consistent with legal principles and construing it as a whole, as will most nearly conform to the intent. The jury's intent is to be arrived at by regarding the verdict liberally, with all reasonable intendments in its support and with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. In the interpretation of an ambiguous verdict, the court may make use of anything in the proceedings that serves to show with certainty what the jury intended, and for this purpose, reference may be had, for example, to the pleadings, the evidence, the admissions of the parties, the instructions, or the forms of verdict submitted."

In this connection, appellant also argues that the court's

instructions and the judgment entered refer only to the information, and do not mention any amended information.

The body of the judgment simply states that the appellant had been "duly convicted in this Court of the crime of RAPE, COUNT I, and BURGLARY IN THE SECOND DEGREE, COUNT II" and proceeds to order, adjudge, and decree that the appellant was guilty of the crimes charged, and then sentenced him to be confined in the penitentiary.

Examination of the record discloses that the trial court, in its instructions, several times referred to "the amended information," and twice referred to "the information."

The trial before the jury was had upon the amended information, and the court instructed it as to the nature of the crimes charged and what it should determine in order to find the appellant guilty as charged thereby. The verdict was typed, leaving blanks for the jury to use in writing guilty or not guilty.

This court, in the case of *State v. Craemer*, 12 Wash. 217, 40 Pac. 944, affirmed a judgment entered upon the verdict of a jury declaring the defendant guilty of the crime of murder in the first degree, followed by imposition of the death penalty. Thereafter, an application for a writ of habeas corpus was filed before the circuit court of the United States for the district of Washington, that court refusing the writ. On appeal to the supreme court of the United States, the order of the circuit court was affirmed. *Craemer v. Washington State*, 168 U. S. 124, 42 L. Ed. 407, 18 S. Ct. 1.

In the course of its opinion, the supreme court observed that "on an indictment or information charging an offense consisting of different degrees a jury may find the defendant not guilty of the degree charged, but guilty of any degree inferior thereto." The court then discussed the statutes of this state in connection with the form of verdict to be returned by a jury in a criminal case, and concluded with the statement that, in the case before the court, the verdict was " 'guilty as charged.' " The court held that the judgment complained of "involved no violation of the Constitution of the United States."

In the case at bar, the evidence before the jury amply supports the jury's verdict finding appellant guilty as charged by count II of the amended information. The only evidence concerning the crimes charged was to the effect that both crimes were committed July 4, 1949, and on no other date.

We find no error in the record as to the verdict rendered by the jury and the judgment entered thereon by the court, in connection with the offense charged by count II of the amended information.

For the reasons stated in the Departmental opinion and in this opinion by the court sitting *En Banc*, the judgment finding appellant guilty pursuant to the verdict of the jury upon count I of the amended information is reversed and, as to that count, the cause is remanded to the superior court with instructions to grant a new trial.

In so far as the judgment appealed from found and declared the appellant guilty of the crime of burglary in the second degree as charged in count II of the amended information, the judgment appealed from is affirmed.

ALL CONCUR.