[No. 36877.   Department Two.   April 16, 1964.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM MORPHIS, *Appellant.*\*

*Henry Opendack* and *James A. Alfieri,* for appellant.

*Charles O. Carroll* and *Mary Wicks Brucker,* for respondent.

PER CURIAM.—William Morphis was charged, by information, in King County with the crime of forgery in the first degree. During his cross-examination, Morphis admitted that he had been convicted of a misdemeanor in Oregon, but denied that he had either pleaded guilty to or been convicted of the crimes of pimping and maintaining a bawdy house in the Territory of Alaska. The attorney for the defendant made no objection either to the questions or the answers. As rebuttal evidence, the state, in the absence of the jury, offered proposed exhibit No. 5, containing purported exemplified copies of the charges against and conviction of William Morphis in the Alaska territorial court. The accompanying letter from an official of the state of Alaska stated in part:

"Your letter of October 5, 1962, addressed to United States Marshal, Anchorage, Alaska, was referred to this office as these records are now maintained by the State of Alaska.

\*Reported in 391 P. (2d) 212.

"For your information, at the particular time this subject was convicted, the court apparently did not make a formal Judgment. However, the Judgment in the case was entered on the reverse side of the complaint and we are forwarding the information you requested and being exemplified to the [*sic*] such. . . ."

The proffered exhibit was refused by the court upon the ground that there was no identification of the defendant as being the same person referred to in the Alaska proceedings, and that the certification of the documents was insufficient.

The jury returned a verdict of guilty. There was no motion for a new trial.

From the judgment and sentence based upon the verdict of the jury, the defendant has appealed. His counsel on appeal did not represent him at the trial.

Appellant's sole assignment of error is that his cross-examination relative to the Territory of Alaska convictions was so prejudicial as to deny him a fair trial. We do not agree.

█ The attorney who tried the case did not believe that any prejudice resulted from the questions and the answers, and made no objection relative thereto, either at the time of the cross-examination or at the close of the evidence, or by motion for a new trial. Under these circumstances, the alleged error has not been preserved for appellate review. In *State v. Calhoun*, 60 Wn. (2d) 488, 490, 374 P. (2d) 555 (1962), we said:

"In none of these instances was any motion to strike any testimony or any request for an instruction to the jury to disregard these statements made by appellant's trial counsel. ". . .

"Since no such objection or motion was made during the trial, and since no motion for a new trial was interposed after the verdict was received, we cannot review these matters because the trial court has never had any opportunity to pass on them. *State v. Davis*, 41 Wn. (2d) 535, 250 P. (2d) 548 (1952)."

Finally, appellant asserts that ". . . at no time during the trial did the State make an offer of proof or produce and

introduce or attempt to introduce a copy of the judgment of conviction for pimping in Alaska  . . . "

Proposed exhibit No. 5, containing appellant's purported plea of guilty of the crime of pimping in Alaska, for which he was given one year's suspended sentence, was produced and offered in evidence, and rejected by the court as indicated above. Appellant's contention in this regard is, therefore, without merit.

The judgment and sentence is affirmed.