[No. 36825. Department One. June 11, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY HAMMOND, *Appellant.**

*Rembert Ryals,* for appellant.

*Clarence J. Rabideau* and *Laurence S. Moore,* for respondent.

*Chas. H. W. Talbot,* amicus curiae.

PER CURIAM.—Appellant was found guilty of grand larceny by means of a bank check. From a judgment and sentence of imprisonment entered upon the verdict, he appeals, assigning two errors.

His first assignment of error urges that instruction No. 4 defining in the language of the statute the gross misdemeanor of unlawful issuance of bank checks or drafts (RCW 9.54.050) probably misled and confused the jury in assessing his guilt or innocence under an information charging grand larceny as defined by RCW 9.54.090(5). The information charged that appellant, on or about April 6, 1959, with intent to defraud, presented a bank check to the Jordan's Top Hat

*Reported in 392 P. (2d) 1010.

Cafe in Pasco *and* received $30 thereon in money and merchandise, knowing at the time that he had neither funds in nor credit with the bank to honor the check. All pertinent provisions of the information were set forth in the first instruction. Instruction No. 2 told the jury that the state had the burden of proving every material allegation set forth in the information beyond a reasonable doubt. We do not see how the jury could fail to apprehend that receipt of the money and merchandise constituted a material allegation in the information.

Any qualms one might have on this point are laid to rest by instruction No. 3 which precisely reduced the offense to three separate elements, the second one being "That the defendant received money or merchandise thereon; that said money or merchandise had a greater value than $25.00," and concluded with the admonition:

"If you are satisfied that the State has proved the truth of all the foregoing elements, beyond a reasonable doubt, you will find the defendant guilty. It you have a reasonable doubt as to any one or more of them, you will find the defendant not guilty."

We do not see how the jury could conclude from a reading of instruction No. 4 that the appellant could be guilty of grand larceny without proof beyond a reasonable doubt that he received money or something of greater value than $25, for nowhere is this said or even remotely implied. Instruction No. 4 merely declares in statutory language (RCW 9.54.050) that it is unlawful and a larceny to draw, utter, or deliver a bank check with intent to defraud, knowing that one has neither funds in nor credit with the bank to meet the check. It then defines credit as being an arrangement or understanding with the bank for payment. Thus, while instruction No. 4 duplicates the language of the other instructions and could well have been omitted, we cannot see in it any reason to reverse the trial court for it neither damaged the appellant nor prejudiced his case. At most, it could be said to constitute harmless surplusage, and, therefore, not a ground for reversal. The trial court instructed the jury to consider and construe all instructions to-

gether and not to single out and give prominence to any one instruction. This is a sound statement and left no room for the jury to be misled or confused by the giving of instruction No. 4. *State v. Thomas,* 63 Wn. (2d) 59, 385 P. (2d) 532; *State v. Perkins,* 32 Wn. (2d) 810, 204 P. (2d) 207; *State v. Hartley,* 25 Wn. (2d) 211, 170 P. (2d) 333; and, particularly, *State v. Dildine,* 41 Wn. (2d) 614, 250 P. (2d) 951.

■ Appellant's second assignment of error concerns his illegal detention by the Pasco police from his arrest April 7, 1959, without a warrant, to April 14, 1959, when the information charging him with grand larceny was filed in superior court and he was transferred by the sheriff to the Benton County jail. During his detention in the Pasco city jail, he was held without charge, warrant, presentment to a judicial officer, or arraignment, and urges this illegal restraint as a denial of due process of such magnitude as to vitiate his conviction. He now argues the point most ably through amicus curiae, but the record does not bear him out. Although the record does show the illegal restraint from April 7th to April 14th, it shows nothing else pertinent to this assignment of error. There is no showing that appellant ever requested or was denied the use of a telephone by which to communicate with counsel, friends or relatives, or that the restraint impaired the preparation of his defense. Neither before nor during trial did he present any motions concerning or objections to evidence claimed excludable because of the illegal detention. Thus, the trial court was given no opportunity to rule on the effects of the illegal detention, on the admissibility of any evidence obtained by the police during the detention, or to what extent, if at all, the detention may have adversely affected appellant's rights under the due-process doctrine. These questions were never presented to the trial court before or during trial. We have said several times that we will not consider questions not properly submitted to the trial court, for that court must be given a chance to view and correct the claimed erorr before the matter can be reviewed by this court. *State v. Heslin,* 63 Wn. (2d) 957, 389 P. (2d) 892; *State v. Vindhurst,* 63 Wn.

(2d) 607, 388 P. (2d) 552; *Almy v. Kvamme,* 63 Wn. (2d) 326, 387 P. (2d) 372; *State v. James,* 63 Wn. (2d) 71, 385 P. (2d) 558.

Appellant, in asking us to conclude as a matter of law that the illegal detention hampered and impaired his defense, overlooks those parts of the transcript which show a more serious impairment because of his own dereliction. The information was filed April 14th; appellant appeared with counsel in open court for arraignment April 21st, and moved to have the arraignment continued. His motion was granted. On May 11th, his counsel presented a written order to the court fixing bail at $1,500 and that day he was released on a bond posted by a surety company. The record is deficient as to the date fixed for trial, but subsequent events indicate that the cause was set to be tried sometime prior to December 8, 1959, for on that date the superior court issued an order to the bonding company to return appellant to the jurisdiction of the court within 10 days or suffer forfeiture of the bail bond. On February 2, 1960, the court issued an order forfeiting appellant's bail bond and directed that a bench warrant issue for his arrest. Thus it is certain that for many months—the duration of which we cannot ascertain from the record—appellant was a fugitive. Had he not fled the jurisdiction, he would have had ample time and opportunity before trial to bring before the trial court all of the matters he now urges as error arising from his illegal detention between April 7, 1959, and April 14, 1959, or to prepare his proper motions and objections to be made at trial. Having done neither, we have nothing to review on this assignment of error and, therefore, we affirm.