[Nos. 37353, 37365.   Department One.   July 1, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD MILLER
*et al., Appellants.**

*Warner, Pierce & Peden* (*B. Gray Warner,* of counsel),
for appellants.

*E. Lloyd Meeds, Gerald R. Gates,* and *Henry Templeman,*
for respondent.

JOHNSON, J.†—At 2:39 in the morning, March 18, 1963,
the burglar alarm from the Skelton Lumber Company plant
sounded in the home of Gilbert Skelton. It awakened him,
he jumped out of bed, and, within a minute, notified the
sheriff's office by telephone. He looked toward the lumber

*Reported in 403 P.2d 884.

†Judge Johnson is serving as a judge pro tempore of the Supreme
Court pursuant to Const. art. 4, § 2(a) (amendment 38).

company building a short distance away and observed that the lights were on. The alarm line is located at the rear door of the lumber company building. When the door is opened, it breaks the switch and the alarm goes off in Mr. Skelton's home.

A deputy sheriff arrived at the lumber company building shortly thereafter and found the two appellants (defendants) in one of the offices, Miller with a telephone receiver in his hand and Mayberry standing directly behind Miller. The lights were on. Miller told the deputy he was just calling the sheriff's office to report that two sailors were standing near the building, the back door was open, and that they, the appellants, had stopped to see what the sailors were doing. The appellants' car, however, was parked at a service station approximately 150 yards away. In the presence of the appellants, the deputy called his office to inquire if Miller had called and was advised he had not. The appellants were not detained, but later were charged by information with the crime of burglary in the second degree, tried, and the jury returned a verdict of guilty. Judgment and sentence was entered.

The appellants were represented at the trial by counsel of their own choice. Neither took the stand to testify in his own defense.

Counsel for appellants on appeal did not represent them in the trial court. No motion for a new trial was filed or argued before the trial court.

Six assignments of error were here made. They will be discussed throughout this opinion.

Appellants' first and second assignments of error are predicated upon the misconduct of the deputy prosecuting attorney.

Appellants complain that there was misconduct on the part of the deputy prosecuting attorney during the redirect examination of the witness, Officer Eiden. The statement of facts shows the following questions and answers:

Q. Now, counsel asked you about arresting Miller and Mayberry. Why didn't you arrest them? A. I wanted to

talk to somebody in our office before I did. Q. And why is that? A. Because they had been arrested on numerous occasions and I felt,—

An objection was interposed and a motion made to strike the answer. The objection was sustained and the court directed the jury to disregard the answer.

However, on the cross-examination of the same witness, he was questioned by appellants' counsel:

Q. Now, I am speaking about you as an individual, not other individuals,—generally, when you feel that a situation merits an arrest of the suspect, you arrest him right there, don't you? A. Yes, sir.

It is quite apparent the counsel for appellants, in his cross-examination, invited the answer in redirect and cannot now complain. He opened the door. *State v. Benton,* 150 Wash. 479, 273 Pac. 731; *State v. Birch,* 183 Wash. 670, 49 P.2d 921.

The court, however, did strike the answer and did instruct the jury to disregard such answer. Apparently counsel for appellants was satisfied that no prejudice resulted, because he made no motion for a mistrial.

The appellants, under the assignment, complain of the fact that the court sustained an objection to a question asked Mr. McCalmon. This is without merit. A careful reading of the statement of facts reveals that Mr. McCalmon did, at a later time, without objection, answer substantially the same question.

Appellants further complain, under these two assignments, of the court's ruling in reference to the testimony of the witness, Mr. David. We will discuss this hereafter under assignments 4 and 5.

Under assignment 3, the appellants complain that the trial court erred in permitting and engaging in prejudicial colloquy regarding the admission of evidence in the presence and hearing of the jury.

In this colloquy, the court, defense counsel, and the deputy prosecuting attorney took part. No good purpose could be served by setting forth this colloquy. Again, appellants'

counsel apparently felt that there was no prejudice resulting, because he made no objection or motion of any kind. See *State v. Lane*, 37 Wn.2d 145, 222 P.2d 394.

Appellants' fourth and fifth assignments of error concern the testimony of the witness David. In order to have an intelligent picture, it is necessary to go into some detail.

Mr. David was called as a witness for the defense. He testified that the defendant Miller had, on two occasions, returned some tires and antifreeze which had been left outside when the attendant of his service station had closed for the night. He was then asked, "Have you had any other incidents with Mr. Miller of this same nature?"

The deputy prosecuting attorney interposed an objection. After some discussion, the court observed, "I think his character is going in issue by virtue of this type of questions or testimony." To which appellants' counsel answered, "I think it is."

Thereafter, on cross-examination, the deputy prosecuting attorney asked, "Do you know that the defendant, Howard Miller, accosted a woman by the name of—" Appellants' counsel objected and moved that the answer be stricken.

An offer of proof was made by the prosecution that consisted of five occasions when Mr. Miller had misconducted himself by misrepresenting himself to be a peace officer or investigator.

There was much discussion between court and counsel as to the nature of the evidence submitted and the propriety of the cross-examination, and finally the court made the following offer to counsel: ". . . I will let you withdraw this witness, and I will instruct the jury to disregard his testimony, or else if you want to pursue this line of questioning along with the rest of these witnesses, then I am going to permit Mr. Priest to ask these questions of this witness."

Counsel for appellants, at the end of further discussion, stated, ". . . I would accept the Court's offer, and abandon this line of inquiry." Thereupon the court instructed the jury to disregard all of the testimony of David.

At no time did appellants' counsel object to the court's ruling, offer any proof, take any exception, make any motion or claim any prejudicial error.

■ We have many times said that we will not consider questions not properly submitted to the trial court, for that court must be given a chance to view and correct the claimed error before the matter can be reviewed by us. *State v. Heslin*, 63 Wn.2d 957, 389 P.2d 892; *State v. James*, 63 Wn.2d 71, 385 P.2d 558; *State v. Hammond*, 64 Wn.2d 591, 392 P.2d 1010; *State v. Morphis*, 64 Wn.2d 260, 391 P.2d 212.

Appellants' sixth assignment of error is that substantial justice was denied the appellants by the trial court.

■ Beginning with the early case of *State v. Meyerkamp*, 82 Wash. 607, 611, 144 Pac. 942, we have held:

> Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury to disregard the same and an exception taken to the court's refusal so to do, unless . . . the misconduct was so flagrant that no instruction would cure it.

*State v. Case*, 49 Wn.2d 66, 298 P.2d 500; *State v. Lane, supra*.

We have also frequently said, however, in connection with such questions as this, each case must be determined upon its own facts. *State v. Van Luven*, 24 Wn.2d 241, 163 P.2d 600.

In view of what we have said in reference to assignments 1 to 5, inclusive, and after a careful reading of the statement of facts and review of the entire record, we conclude that the claimed misconduct of counsel was not so flagrant that no instruction could cure it, and that the appellants received a fair trial and substantial justice was done.

The judgment is affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.