### SEATTLE ELECTRIC CO. v. HOVDEN.

#### (Circuit Court of Appeals, Ninth Circuit. July 3, 1911.)

#### No. 1,920.

1. NEGLIGENCE (§ 87*) — CONTRIBUTORY NEGLIGENCE — CARE REQUIRED AS AGAINST NEGLIGENCE OF ANOTHER—MENTAL CAPACITY.

In determining the question of the contributory negligence of a plaintiff injured, primarily, through the negligence of defendant, plaintiff's want of mental capacity may be shown and considered, and he can only be held to the exercise of such faculties as he is endowed with by nature to appreciate and guard against the danger.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 118; Dec. Dig. § 87.*]

2. STREET RAILROADS (§§ 98, 117*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

Plaintiff, crossing a street on which there were two street railroad tracks near the middle of a block, after passing around a car standing on the track nearest to her, was struck and injured by a car on the other track moving in the opposite direction. She had seen the car approaching, but at a distance of about 400 feet, and there was evidence tending to show that it was running at twice its lawful speed, which fact she did not know. *Held*, that she had the right to assume that it was not running at an unlawful speed and could not be held chargeable with contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208, 239–257; Dec. Dig. §§ 98, 117.*]

3. STREET RAILROADS (§ 98*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

A pedestrian in crossing a street railway track is not a trespasser on the right of way of the street railroad company, nor bound by any strict rule of law, as when he approaches a steam railroad crossing, to stop, look, and listen, nor to take special precautions to determine whether there is danger in going upon the track.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. § 98.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action at law by Lena Hovden against the Seattle Electric Company. Judgment (180 Fed. 487) for plaintiff, and defendant brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James B. Howe, Hugh A. Tait, and E. M. Carr, for plaintiff in error.

Martin J. Lund, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and WOLVER-TON, District Judge.

GILBERT, Circuit Judge. While attempting to cross a street, not at a regular crossing, but near the middle of a block, the defendant in error was struck and injured by a passing street car. She had seen the car coming in her direction, but distant, according to her testimony, about 475 feet from where she stood. A car going in the opposite direction and on the side of the street nearest to her had stopped in front of her. She passed around the rear end of it, and came in contact with the car which injured her. In her complaint she alleged negligence, in that the car was running at a dangerous rate of speed, to wit, at a rate of 30 miles an hour, and without warning or signals of any kind. There was evidence tending to show that the car was run at a speed of from 20 to 25 miles per hour, and greatly in excess of the lawful speed, which was 12 miles per hour, and that no warning was given by ringing the bell, or otherwise. At the close of the testimony the plaintiff in error moved for an instructed verdict in its favor on the ground that the contributory negligence of the defendant in error had been conclusively proven. The motion was denied. A verdict for damages was returned in favor of the defendant in error. The plaintiff in error moved for a judgment notwithstanding the verdict, which was overruled by the court. Thereupon judgment was entered upon the verdict.

There was evidence tending to show that the defendant in error, although she was of mature age and had lived in Seattle two years, and was acquainted with the running of the street cars, lacked the intelligence and capacity to care for herself which is possessed by the average adult person of ordinary understanding and intelligence. On that ground the court below denied the motion for nonsuit and, after the submission of all the evidence, denied the motion for a peremptory instruction to the jury to return a verdict for the plaintiff in error.

The plaintiff in error contends that there was no evidence to warrant the jury in finding negligence on its part. This contention is not sustained by the record. We are not called upon to deal with the weight of the evidence. It is sufficient to point to the fact that there was testimony tending to show the high rate of speed of the car, already mentioned, and the failure to give warning or signals.

But it is said that the court erred in denying an instructed verdict on the ground of the contributory negligence of the defendant in error, and it is urged that, the defendant in error having seen the car before attempting to cross the street, it was her duty to look out for it, and that in crossing as she did she was negligent as matter of law. Ordinarily the question of contributory negligence is to be determined by the jury from all the facts and circumstances of the

particular case; but there are cases where the standard of duty is fixed, and is defined by law, or where but one inference is deducible from the admitted or proven facts. In such a case it is the court's duty to withdraw the question of negligence from the jury. We are to inquire whether this is such a case.

[1] On the question of the contributory negligence of the defendant in error as affected by her mental condition, counsel for the plaintiff in error contend that all adult persons possessed of sufficient intelligence to go about the streets without the necessity for guardianship to keep them out of harm's way should be held to a uniform rule of responsibility for contributory negligence, for the reason that it would be impracticable to frame varying rules of responsibility for varying degrees of intelligence, citing Worthington v. Mencer, 96 Ala. 310, 11 South. 72, 17 L. R. A. 407. But in Baltimore & Potomac R. v. Cumberland, 176 U. S. 232, 20 Sup. Ct. 380, 44 L. Ed. 447, the Supreme Court announced a broader doctrine of limitation of responsibility for contributory negligence in such cases, and said:

"In determining the existence of such negligence, we are not to hold the plaintiff liable for faults which arise from inherent physical or mental defects or want of capacity to appreciate what is and what is not negligence, but only to hold him to the exercise of such faculties and capacities as he is endowed with by nature for the avoidance of danger. The defendant is primarily liable for his own negligence and can only escape liability for nonobservance of such precaution as his observation or the experience of others teaches him to be necessary, by proving the accident would not have occurred if the plaintiff had taken such precautions as his own observation and experience had taught him to be necessary."

The instruction of the court to the jury to which error is assigned was in harmony with the views thus expressed by the Supreme Court.

[2] But, aside from the question just discussed, an examination of the record in this case does not convince us that under all the facts and circumstances the defendant in error, even if she had been possessed of ordinary capacity and intelligence, in proceeding across the street as she did was so imprudent that her conduct constituted negligence as a matter of law. Before attempting to cross the street she had observed, as she testifies, the car which subsequently injured her approaching, but at a distance of approximately 500 feet. With the car at that distance, she might well have exercised less care and watchfulness without the imputation of negligence than would have been required of her had the car been nearer. She estimated that she would have ample time to cross the street safely before the car could travel the intervening space. Her estimate, according to her testimony, would have been correct if the car had been running at a lawful rate of speed. She testified that she did not observe the speed of the approaching car, and there is no evidence to the contrary. She had the right to assume that it was not proceeding at an unlawful rate of speed.

[3] A pedestrian in crossing a street railway track is not bound to take such precautions as are demanded of one who crosses a railroad track. He is not a trespasser on the right of way of the street

car company. He is not bound by any strict rule of law, as when he approaches a steam railroad crossing, to stop, look, and listen, or to take special precautions to determine whether there is danger in going upon the track. Robbins v. Springfield Street Railway, 165 Mass. 30, 42 N. E. 334; Finnick v. Boston & N. C. St. Ry., 190 Mass. 382, 77 N. E. 500; Detroit United Ry. v. Nichols, 165 Fed. 289, 91 C. C. A. 257; Tacoma Street Ry. Co. v. Hays, 110 Fed. 496, 49 C. C. A. 115; Callahan v. Philadelphia Traction Co., 184 Pa. 425, 39. Atl. 222.

The judgment is affirmed.