[No. 38594.    Department One.    March 9, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR MOONEY
LEEVANS, *Appellant*.*

*Moe & Kight* and *Milburn D. Kight* (Appointed counsel for appeal), for appellant.

*Paul Klasen* and *J. O. Neal*, for respondent.

*Reported in 424 P.2d 1016.

STAFFORD, J.†—Arthur Leevans was convicted by a jury of the crime of robbery. Counsel on appeal did not represent him at the trial. We shall refer to "appeal counsel" and "trial counsel" to differentiate between them.

Ralph Wicks and appellant occupied rooms at the same hotel in Warden, Washington. Wicks was paid $132.25 on Friday. The next morning he and appellant became engaged in some serious drinking that continued with little interruption until Wicks departed for his own room at 8 p.m. Under the circumstances, it is entirely understandable that Mr. Wicks forgot to lock his door when he retired.

Later that evening he roused, checked his pockets, assured himself that he still had his money, and dropped off to sleep again. About 1:30 a.m., he became aware that another person was in the room. He opened his eyes and found appellant standing over him. Evidence admitted without objection established that appellant had his hand in Wicks' right rear pocket and that Wicks' wallet was half out of the pocket. However, there was other testimony from which it could be concluded that the wallet had been completely removed from Wicks' pocket by the time he first became aware of appellant.

Appellant struck Wicks in the face when he found him awake. Wicks rolled to the floor to escape further beating but was kicked in the ribs several times. Wicks testified that appellant "already had the wallet" at that point. Wicks made an unsuccessful "pass" at the money as appellant removed it from the wallet. Appellant then struck Wicks again and departed.

As soon as Wicks could move he left the room to summon the police. Unfortunately they misconstrued his condition and charged him with being drunk in public. It was morning before he was able to convince them that he had actually been robbed. Finally, on Sunday morning they found appellant and arrested him.

---

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

A cursory search at the time of arrest produced $10 which appellant insisted was his only money. At the police station he was asked to remove his clothing for an additional search. He was observed attempting to conceal something in a pant leg. The police retrieved five $20 bills. Thereafter, appellant was charged with the crime of robbery.

■ At the time of trial the deputy prosecuting attorney made the following comment in his opening statement: "And then after that the defendant said he would not tell where he got the money, or words to that effect." Although appeal counsel now asserts that the statement violated appellant's right to remain silent, trial counsel failed to object to the statement. The trial court must be given an opportunity to correct the claimed error before the matter can be reviewed by this court. *State v. Miller*, 66 Wn.2d 535, 403 P.2d 884 (1965); *State v. Calhoun*, 60 Wn.2d 488, 374 P.2d 555 (1962).

Furthermore, the challenged statement did not go beyond the evidence admitted without objection. Trial counsel permitted the chief of police and one other officer to testify that appellant said: "I'll not tell you anything. I'll tell you nothing. If you think I took the man's money, you prove it." Trial counsel also emphasized this on cross-examination of a prosecution witness. Then again, appellant himself testified to almost the same thing on cross-examination without objection by trial counsel.

■ Appeal counsel next avers that there was insufficient evidence to support the trial court's instruction on "flight." However, trial counsel's exception went to mere form of the instruction rather than to the subject matter. The basis for challenging an instruction which is not urged at the time of trial cannot be considered for the first time on appeal. *State v. Harris*, 62 Wn.2d 858, 385 P.2d 18 (1963). New theories presented for the first time on appeal must be disregarded. *State v. Lyskoski*, 47 Wn.2d 102, 287 P.2d 114 (1955).

Appellant also assigns error to the giving of instruction No. 4. He does not object to the instruction as a *general* definition of robbery. However, he asserts that the instruction is broader than the crime charged in the information which reads as follows:

> [B]y force and violence to the person of . . . . Wicks and by putting . . . Wicks in fear of injury to his person . . . did then and there *take from the person of* . . . Wicks . . . personal property . . . . (Italics ours.)

Instruction No. 4 defines robbery thus:

> Robbery . . . is the unlawful taking of personal property from the person or presence of another against his will, by means of force or violence or fear or injury, immediate or future, to his person or property.
>
> Such force or fear must be used to obtain or *retain* possession of the property taken, or to prevent or overcome resistance to the taking, . . . . (Italics ours.)

Appeal counsel argues that his client was charged with the *taking* of property by force and violence whereas the evidence established that the property had been taken by stealth and *retained* by force and violence. He contends that appellant would have been acquitted had the jury been properly instructed on *taking*. However, he asserts that the instruction extended the scope of their consideration to *retaining* property by force and violence which caused appellant to be convicted of a crime not charged in the information.

■ This is an engaging argument. However, the fact pattern is much broader than admitted by appeal counsel. Trial counsel permitted, without objection, the admission of evidence that was sufficient to support a verdict of robbery whether based on *either* forceful taking *or* retention of property. As to the former, forceful *taking* was charged in the information. As to the latter, "An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right." Rule of Pleading, Prac-

tice and Procedure 101.04W, RCW vol. 0. Thus, the remaining question is whether the amendment caused appellant to be prejudiced in a substantial right.

The amendment neither changed the crime charged nor caused it to be charged substantially in a different manner or under a different section of the criminal code. Appellant neither claims surprise nor does he assert that his evidence would have been different or that other witnesses would have been called. We are not convinced that the amendment prejudiced him in any substantial right. The assignment of error is not well taken.

The trial court instructed the jury that the crime of robbery included the offense of grand larceny. The court also gave instruction No. 20 which read as follows:

> You will take to the jury room . . . two forms of verdict. One form you will use in case you find the defendant guilty as charged in the Information herein. And one form of verdict you will use in case you find the defendant not guilty. The verdict in this case must be one of the two.

Obviously the instruction was incorrect. There were three possible verdicts: "Guilty of robbery," "Guilty of grand larceny," and "Not guilty."

Unfortunately, neither trial counsel nor the prosecuting attorney noticed the error until after the jury returned a verdict of "guilty as charged." It then became clear that it would be necessary to designate whether appellant was guilty of robbery or the lesser included offense of grand larceny.

Instead of discharging the jury, the trial court drafted and gave them the following additional instruction:

> [Y]ou have reached a verdict finding the defendant guilty. Because this crime of robbery also includes the crime of grand larceny, it is necessary that we know what crime the defendant has been found guilty of committing.
>
> You will return to the jury room with two forms of verdicts, one finding the defendant guilty of robbery, the other finding him guilty of grand larceny, you will inform the foreman which he is to date and sign, . . . .

Trial counsel took the following exception to the instruction:

[I]t is irregular and was not regularly given with the other instructions and because of the interval of time, it works a substantial injustice to the defendant's rights.

After being so instructed, the jury found the appellant guilty of robbery.

■ Appellant asserts that the error could not have been corrected in any manner without prejudice to his rights. We do not agree. RCW 4.44.400 provides:

If the verdict be informal or *insufficient*, it may be corrected by the jury under the advice of the court, or the jury may again be sent out. (Italics ours.)

The statute applies to criminal as well as civil cases. *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966). It contemplates that there may be errors that neither court nor counsel can anticipate.

As long as the jury had the case in their hands and remained under the direction of the court, it was within the court's province to have them render a correct verdict. When a verdict is rendered in improper form, is incomplete, is insufficient in substance, is not responsive to or does not cover the issues, or is otherwise defective, the trial court may recommit the verdict to the jury with proper instructions. *State v. Badda, supra.*

The confusion that resulted is regrettable. However, we find nothing in the action of the trial court that actually infringed upon a substantial right of the appellant. Counsel had provided us with no authority to support his contention.

Finally, error is assigned to the trial judge's failure to rule on a defense objection. During the state's rebuttal, Mr. Kirby was called as a witness. The following occurred:

Q. On or about October 3, . . . were you acquainted with the defendant? A. Well, the first time I saw him was about a week prior to that. Q. Go ahead. A. The first time I saw the man he stole a fishing pole. Q. Where was that? MR. HOUSTON: (Trial counsel) We ob-

ject to that. A. At Warden. MR. HOUSTON: That is entirely voluntary, it isn't responsive to the question and it certainly isn't a thing on this issue.

Although the trial judge did not rule on the objection, the state did not pursue the matter and trial counsel failed to ask that the jury be instructed to disregard the comment. Actually, a ruling by the trial judge could not have accomplished more. Appellant has furnished us with no authority to support his assertion that mere failure of a trial judge to rule on an objection is in itself reversible error.

The real issue is whether the unsolicited remark, viewed against the backdrop of the entire evidence, deprived the accused of a fair trial. The challenged testimony was given during the state's case in rebuttal. However, prior thereto, appellant, while testifying in his own case-in-chief, stated: "Well, I've been on the road and around jails most of my life and people get out of their money, so I just carry mine in my shoe." Thereafter, on cross-examination appellant admitted criminal convictions for at least 12 crimes, most of which involved larceny. Trial counsel objected to continuing the interrogation about additional convictions with the following comment: "Your honor, we object to going through all of this. We believe that we have established that he spent most of his time in jail."

We do not approve of the statement volunteered by Mr. Kirby. However, we are not persuaded that it so tainted the entire proceeding that the accused was prevented having a fair trial.

The judgment is affirmed.

HILL, WEAVER, ROSELLINI, and HALE, JJ., concur.