Helen D. ESKER, Appellant,

v.

KIP'S BIG BOY, INC. and M. A. Gelhaar, their agent, Appellees.

No. 52364.

Supreme Court of Oklahoma.

July 28, 1981.

---

Grover Miskovsky, Miskovsky, Sullivan & Miskovsky, Oklahoma City, for appellant.

Edwin F. Garrison, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellees.

LAVENDER, Justice:

Helen D. Esker and Charles D. Esker filed suit in the Oklahoma County District Court against Kip's Big Boy, Inc. and its agent, M. A. Gelhaar, for false arrest and

malicious prosecution. A trial by jury was subsequently held on June 7–9, 1977, Honorable Carmon Harris, Trial Judge. General verdict forms were given to the jury which separately provided that the jury could find for the plaintiff Helen (for actual damages or for actual and punitive damages), for the plaintiff Charles (for actual damages or for actual and punitive damages), for the plaintiffs Helen and Charles (for actual or for actual and punitive damages), or for the defendants. The only form signed by members of the jury was "for the plaintiff Charles Esker" for actual damages. Thereafter the defendants moved for a new trial. The motion was subsequently granted and a new trial was set for May 2, 1978. A pre-trial conference was held on April 24, 1978, between Judge Harris and the parties' attorneys. The plaintiff's attorney questioned whether the plaintiff Helen was still in the suit. Judge Harris apparently ruled that she was not and struck out her name from the parties listed in the pre-trial order. The case was then transferred to Judge Stewart Hunter, who, at a second pre-trial conference just before the trial was to start on May 2, 1978, agreed with Judge Harris and ruled that Helen was no longer a party to the suit, allowing exceptions. The trial, proceeding with Charles only, resulted in a finding for Charles.

A petition in error concerning Judge Hunter's May 2, 1978, ruling was filed by Helen in this court on May 26, 1978. The cause was assigned to the Court of Appeals, Division 2. That court found that since Helen was not mentioned in the verdict form signed by the jurors at the first trial, no verdict was rendered for or against Helen. It followed that although Helen did not seek a motion for new trial or appeal that verdict, her claim was not res judicata. The Court of Appeals also found, in conjunction with the above proposition, that when the trial court discharged the jury at the first trial without requiring it to return a verdict with respect to Helen's causes of action, a mistrial resulted. The court then reasoned that no appealable order or judgment then existed and that subsequent ac-

tions by the trial court had no effect on the pendency of her action. The Court of Appeals then reversed the ruling and remanded with directions to set Helen's cause for trial. Rehearing was denied by that court, January 21, 1981. Appellees sought a writ of certiorari which was previously granted.

■ The filing of a petition in error within the time prescribed by law is jurisdictional. *Western Oklahoma Chapter of the National Electric Contractors Association v. State ex rel. Corp. Commission,* 616 P.2d 1143 (Okl.1980); *Burk v. Burk,* 516 P.2d 268, (Okl.1973). State statutes and appellate rules provide a 30-day time limit in which a petition in error must be filed. 12 O.S. §§ 990, 992; Rules of Appellate Procedure, 12 O.S.A. c. 15, Appendix 2, Rule 1.15(a). Time for appeal begins to run from the date of judgment or final order or decision. Rules of Appellate Procedure, 12 O.S.A. c. 15, Appendix 2, Rules 1.11(a). In the case at bar, we must determine whether and, if so when, a final order or judgment was rendered against Helen which would trigger the running of her appeal time. To aid in these determinations, a chronological sequence of some of the trial court proceedings, as attached to the original record for this appeal, should be reviewed. Parties will be referred to by their trial court designations.

Plaintiffs Helen D. and Charles Esker filed an amended petition in May 1974, alleging false arrest and malicious prosecution by defendants. The defense was probable cause. Trial was held June 6–9, 1977, with District Judge Carmon Harris presiding. At the close of the evidence on June 9, 1977, various verdict forms were given to the jury who signed the one that provided for a finding "for Plaintiff Charles Esker," actual damages $30,000. On June 16, 1977, defendants moved for a new trial asking the court "to vacate and set aside the verdict and judgment rendered" on June 9, 1977. A hearing on the motion for new trial was held before Judge Harris on June 24, 1977, and, after determining that the damages given to Charles were excessive, he ordered "... if the plaintiff within 10

days files a remittitur, the motion will be overruled. Otherwise it will be sustained." No remittitur was filed within 10 days, thereby triggering the grant of the motion.

Before the date of the new trial was set, a Journal Entry on the Motion for New Trial was filed on October 17, 1977, reflecting Judge Harris' action at the June 24, 1977, hearing on that motion. This journal entry, filed October 17, 1977, signed by Judge Harris and approved as to form by the attorneys for both parties, stated in part:

> It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Charles Esker, be and he is hereby granted judgment against defendants, Kip's Big Boy, Inc. and Mark Gelhaar, jointly and severally, in the sum of $30,000 *and that plaintiff Helen Esker, be and she is hereby denied judgment against defendants.* [Emphasis ours.]

The second trial was finally set for May 2, 1978. A pre-trial conference was held on April 24, 1978, between Judge Harris and attorneys for the parties. At this time, plaintiffs' attorney asked whether Helen was still in the suit. Judge Harris apparently found that Helen's claim had been resolved by the jury on June 9, 1977, and such verdict was final because Helen did not file a motion for new trial, judgment n. o. v., or seek an appeal (these pre-trial conference findings were set out in an "order" filed January 12, 1979, signed by Judge Harris), thereby re-affirming his final judgment reflected in the October 17, 1977, Journal Entry of Judgment. A photostat copy of the pre-trial order shows Helen's name penciled out.

The case was transferred to Judge Stewart Hunter soon after the April 24, 1978, pre-trial conference. A second pre-trial conference was held just before trial was to begin on May 2, 1978. Plaintiffs' attorney again inquired whether Helen was still in the lawsuit. Judge Hunter stated that he agreed with Judge Harris' rulings that Helen was no longer in the suit. Appellant contends her thirty days to appeal started on May 2, the date of Judge Hunter's order.

The second trial, with Charles only as plaintiff, proceeded to trial and concluded with a verdict for Charles.

Helen D. Esker subsequently filed her petition in error in this Court on May 26, 1978, claiming that when the motion for new trial was granted, *all* parties were placed in a position as if there had been no trial, therefore she should have gotten a new trial, too. Plaintiff also contends that since the jury verdict rendered on June 9, 1977, did not mention her, there was no appealable final order or judgment rendered against her until Judge Hunter's May 2, 1978, ruling at the pre-trial conference.

■ We will first consider the verdict rendered by the jury in the first trial on June 9, 1977. It has been stated by this Court that after acceptance of the verdict and discharge of the jury, the trial court is without authority to change the verdict. *Yellow Cab Co. v. Allen*, 377 P.2d 220 (Okl. 1962); *M & P Stores, Inc. v. Taylor*, 326 P.2d 804 (Okl.1958). We have also stated that it is generally improvident to accept an ambiguous or clearly defective verdict. *Whitehead v. City of Tulsa*, 614 P.2d 65 (Okl.1980); *Burkett v. Moran*, 410 P.2d 876 (Okl.1966). However, this Court has also recognized that a "court has the power to put a manifestly irregular or defective verdict in such form to make it conform to the intention of the jury, and carry their findings into effect, where the intention can be ascertained with certainty." *Dixon v. Outboard Marine Corp.*, 481 P.2d 151, 156 (Okl. 1971) (quoting from *Cox v. Sarkeys*, 304 P.2d 979 (Okl.1957)). Verdict forms, seven in all, were given to the jury in the first trial in the case at bar. The one verdict form signed by the jury (for Charles for actual damages), taken by itself, would seem not to dispose of Helen's causes of action. However, when construing the forms together, a different interpretation is obvious, i. e. the jury found for Charles and against defendants with respect to his causes of action and for the defendants and against Helen with respect to her causes of action. Such an interpretation is even clearer when reviewing the trial court's in-

structions to the jury concerning the use of the verdict forms. Judge Harris stated that if the jury was to find "for Charles *only*" for actual damages, it was to use form number three (which is the form actually signed by the jury). A plain reading of this instruction together with the other instructions concerning the other six verdict forms would impart on the jury to sign only the form "for Charles" if they found for Charles but against Helen. The trial judge apparently found that the jury's intention was very clear when they sent back only the verdict form "for Charles" signed. The verdict was for Charles with respect to his causes of action and against Helen with respect to her causes of action. The journal entry of judgment signed by Judge Harris and both attorneys filed October 17, 1977, reflect that verdict and a final judgment of the trial court.

Any possible ambiguity regarding the effective date of the final appealable order of the court which may have existed upon the record was resolved when that court's journal entry of judgment was filed October 17, 1977. Appellants' time to appeal started on that date. *Reed v. Moore*, 386 P.2d 763 (Okl.1963); see also Rules of Appellate Procedure, 12 O.S.1971, ch. 15, appendix 2, Rule 1.11.

The petition in error, filed on behalf of Helen, was filed on May 26, 1978, well beyond the limit mandated by our statutes and appellate rules. This court therefore lacks jurisdiction and must dismiss the appeal.

Opinion of the Court of Appeals, Division 2, vacated; appeal dismissed.

IRWIN, C. J., BARNES, V. C. J., and HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.

WILLIAMS and DOOLIN, JJ., dissent.