JOSEPH S. DIAS, JR. and BERNADINE A. DIAS, Plaintiffs-Appellants, *v.* ROBERT W. VANEK and JIMMIE LOU VANEK, and DIVERSEY (HAWAII) LTD., Defendants-Appellees

(CIVIL NO. 65928)

NO. 9213

JOSEPH S. DIAS, JR. and BERNADINE A. DIAS, Plaintiffs-Appellees, *v.* ROBERT W. VANEK and JIMMIE LOU VANEK, Defendants-Appellants, and DIVERSEY (HAWAII) LTD., Defendant-Appellee

(CIVIL NO. 59334)

NO. 9254

MARCH 29, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Two questions arise out of Cases No. 9213 and No. 9254 which were consolidated and tried on the merits before a jury in the first circuit court. In Case No. 9213, the question is whether the trial court erred in adding the Buyers' $20,000 down payment to the jury verdict of $6,263 as damages to the Sellers as the result of the Buyers' breach of an Agreement of Sale. We hold that error was committed and remand for the determination of only the amount of damages. In Case No. 9254, the question is whether the trial court erred in the amount of attorney's fees awarded to the Sellers. By reason of the remand of Case No. 9213, we find no necessity to answer this question. We vacate the award.

I.

In December, 1980, Robert W. Vanek, Jimmie Lou Vanek and Sylvia Vanek (Sellers) and Joseph S. Dias, Jr. and Bernadine A. Dias (Buyers) executed a Deposit, Receipt, Offer, and Acceptance Agreement (DROA) for the sale and purchase of a Kailua, Oahu residence. On January 7, 1981, Sellers and Buyers entered into an Agreement of Sale. Pursuant to the DROA, Sellers engaged Diversey (Hawaii) Ltd. to conduct a termite inspection of the residence. This inspection was conducted on January 8, 1981, and Diversey's Termite Inspection Report stated that "[t]here were no visible signs of active drywood or subterranean termites at this time" in the sub-areas, interior and exterior of the residence. (Plaintiff's Exhibit 15, Record on Appeal (ROA), 310.)

Shortly after moving into the residence, the Buyers discovered termite damage to the wall in the master bathroom. The termite

damage was not visible because the wall had been papered. The Buyers then engaged a different termite exterminator company to inspect and fumigate the house. Thereafter, the Buyers asked the Sellers for reimbursement for the cost of the inspection and fumigation, and for other repairs to the house. Failing to reach any agreement, the Buyers refused to make the agreed monthly payments and vacated the residence at the end of March, 1981.

The Buyers then brought an action against the Sellers based on fraud, and asked for the rescission of the Agreement of Sale, the refund of all sums paid, the reimbursement of costs incurred in treating the house, and for general and consequential damages. Diversey was also sued for damages based on negligence.

The Sellers filed a counter-claim based on the Buyers' breach of the Agreement of Sale, and filed a cross-claim against Diversey for any damages the Buyers may have suffered.

After trial, the jury determined that Diversey's negligent inspection and the Sellers' conduct of concealing the damaged bathroom wall from Diversey caused damages to the Buyers in the amount of $16,850.56. The jury also determined that the Sellers were responsible for fifty-five per cent of the damages. We do not disturb this award of damages. Finally, the jury determined that the Buyers breached the Agreement of Sale and by verdict form found that the Sellers incurred damages, the subject matter of this appeal, in the amount of $6,263.

After the jury was discharged, the Buyers submitted to the trial court a proposed form of judgment which required Sellers to return the down payment made by the Buyers. The Sellers objected to the proposed form of judgment and maintained that they were entitled to retain the down payment in addition to the $6,263 awarded by the jury.

The judgment of the trial court, without explanation, permitted the Sellers to retain the down payment and ordered the Buyers to pay the $6,263.

The Buyers appeal that part of the judgment allowing the Sellers to retain the down payment.

## II.

Where bad faith conduct is not involved, a provision in the

agreement of sale[1] stating that in the event of purchaser's default, seller may elect to keep all payments made as liquidated damages may be enforced by the seller if there is a reasonable relation between the amount of payments retained and the amount of seller's actual damages. *Gomez v. Pagaduan,* 1 Haw. App. 70, 75, 613 P.2d 658, 662 (1980).

Determination of the proper amount of damages, if any, is within the exclusive province of the jury, since they are the sole judges of all disputed questions of fact. *Sanchez v. Martinez,* 99 N.M. 66, 653 P.2d 897, 903 (N.M.Ct. App. 1982); *Coney v. Lihue Plantation,* 39 Haw. 129 (1951). When an ambiguous or improper verdict is returned by the jury, the court should permit the jury to correct the mistake before it is discharged. *Ferrick Excavating & Grading v. Senger Trucking Co.,* ___ Pa. Super. ___, 461, A.2d 800 (1983). The judge may, however, amend a jury verdict when the intention of the jury is clear. *Id.; Esker v. Kip's Big Boy,* 632 P.2d 414 (Okla. 1981). The power to amend a jury's verdict, though, does not enable a judge to invade the province of the jury. *Great Atlantic & Pacific Tea Co., Inc. v. Sealey,* 374 So. 2d 877, 883 (Ala. 1979); *Richards v. Dravo Corp.,* 249 Pa. Super. 47, 375 A.2d 750 (1977). Thus, a verdict may not be amended "where the intention of the jury is not obvious . . . or to satisfy the supposed equities of the case." (citations omitted) *House of Pasta v. Mayo,* 330 Pa. Super. 298, 307, 449 A.2d 697, 701 (1982).

Was the jury verdict clear and unambiguous in view of the instructions to the jury? The pertinent instruction to the jury was: "Rescission would mean that Mr. and Mrs. Dias would get back the $20,000 down payment they made and other out-of-pocket expenses as proven to you." (ROA, 209.) No other instruction mentions the return or retention of the down payment. The portion of the jury verdict form in question reads as follows:

III. *Counterclaim of Vaneks Against Diases.*

(Answer Section III only if you find that the Diases are not entitled to rescission of the Agreement of Sale.)

---

[1] *See* paragraph 15.b of the agreement of sale in question.

1. Have the Vaneks proven by a preponderance of the evidence that the Diases materially breached the Agreement of Sale?

<u>   X   </u>   <u>       </u>
  Yes          No

2. If the answer to question (1) is "Yes", state the amount of damages to the Vaneks which were proximately caused by the breach of the contract and which were reasonably foreseeable to the Diases and Vaneks at the time the Diases breached the contract:

<u>  $6,263.00  </u>

Reading the jury verdict form, it appears that the jury intended the total damages suffered by the Sellers to be $6,263 and nothing else. However, when the pertinent instruction is read in conjunction with the verdict form, it appears that the jury may have intended that the damages of $6,263 were inclusive rather than exclusive of the $20,000 down payment. There is nothing in the record to clarify this ambiguity regarding the retention or the return of the down payment. We are unable to discern from the record a clear intent of the jury regarding the amount of damages to be awarded the Sellers.

We hold that the trial court erred in allowing Sellers to retain the down payment as part of the damages incurred by the Sellers as the result of the Buyers' breach of the Agreement of Sale.

The preferred remedy of an ambiguous verdict is to have the jurors return to clarify the verdict. Here, the jury had been discharged, and the only available remedy is a remand for a new trial limited to the issue of damages arising out of the Buyers' breach of the Agreement of Sale. *See Wulff v. Christmas*, ____ Colo. App. ____, 660 P.2d 18 (1982).

### III.

In Case No. 9254, the Sellers appeal the amount of attorney's fees granted them by the trial court. We decline to decide this issue, in view of the remand of Case No. 9213. The Sellers' right to attorney's fees and the amount thereof may be decided on remand. We, therefore, vacate the award granted to the Sellers.

## IV.

We vacate the award of damages to the Sellers and the award of attorney's fees. This case is remanded for a trial consistent with this opinion.

*Philip D. Bogetto* for plaintiffs-appellants.

*Allan H. Gifford (Rohlfing, Smith & Coates)* for defendants-appellees Vaneks.