[No. 6336-4-III.   Division Three.   July 30, 1985.]

BARRY LEE HIGGINS, *Appellant*, v. EAST VALLEY SCHOOL DISTRICT, ET AL, *Respondents*.

*Jerry Dyreson* and *Taylor & Dyreson*, for appellant.

*Robert Crotty, Kevin J. McCullough,* and *Lukins & Annis, P.S.,* for respondents.

THOMPSON, J.—Barry Lee Higgins seeks a new trial on the issue of damages, contending the trial court erred in failing to give his proposed instruction on standard of care. We affirm.

In April 1980, 18-year-old Barry Higgins, an East Valley High School junior, was seriously burned when his shirt ignited while he was standing with his back to a forge during metal shop class. Mr. Higgins brought suit against East Valley School District and the shop instructor.

An uncontroverted psychological assessment established Mr. Higgins' mental age at 11. The court refused to give Mr. Higgins' jury instruction which would have imposed the standard of care of a child.[1] Instead the court gave an instruction holding him to a standard of ordinary care.[2] Mr. Higgins prevailed on a theory of negligent supervision, but his total $50,000 damage award was reduced to $15,000 based on the jury's determination he was 70 percent negligent. He appeals the damage award only and asks us to determine whether the trial court erred in failing to give an instruction concerning the standard of care of a child.

■ RCW 26.28.010 provides: "Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years." It is undisputed that, although Mr. Higgins had a mental age of roughly 11 at the latest testing, his physical age was 18. We therefore find the child instruction was properly rejected based on Mr. Higgins' chronological adulthood.

■ We note a diminished capacity instruction which would require a plaintiff to exercise only that degree of care for his own safety consonant with the faculties and capacities bestowed upon him by nature would have been appropriate in this instance. *See Seattle Elec. Co. v. Hovden,* 190 F. 7, 9 (9th Cir. 1911); *Snider v. Callahan,* 250 F. Supp. 1022, 1022–23 (W.D. Mo. 1966); *Criez v. Sunset Motor Co.,* 123 Wash. 604, 213 P. 7, 32 A.L.R. 627 (1923); *Avey v. St. Francis Hosp. & Sch. of Nursing, Inc.,* 201 Kan. 687, 442 P.2d 1013, 1022 (1968); *Horton v. Niagara Falls Mem.*

---

[1]The text of the proposed instruction read:

"When referring to a child, ordinary care means the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances."

[2]              "INSTRUCTION No. 9

"Negligence is also the failure to exercise ordinary care. It is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonably careful person would have done under the same or similar circumstances."

*Med. Ctr.,* 51 A.D.2d 152, 380 N.Y.S.2d 116, 120–22 (1976); *Mochen v. State,* 43 A.D.2d 484, 352 N.Y.S.2d 290, 293–95 (1974); *Young v. State,* 92 Misc. 2d 795, 401 N.Y.S.2d 955, 956–57 (1978); *Feldman v. Howard,* 5 Ohio App. 2d 65, 214 N.E.2d 235, 237 (1966), *rev'd on other grounds,* 10 Ohio St. 2d 189, 226 N.E.2d 564 (1967); Annot., *Contributory Negligence of Mentally Incompetent or Mentally or Emotionally Disturbed Person,* 91 A.L.R.2d 392, 397 (1963). An instruction to this effect was not offered, however. A basis for challenging an instruction which is not urged at the time of trial cannot be considered for the first time on appeal. *State v. Leevans,* 70 Wn.2d 681, 683, 424 P.2d 1016 (1967).

Affirmed.

MCINTURFF, A.C.J., and CORBETT, J., concur.