STATE OF HAWAII, Plaintiff–Appellee, v. EDWIN KAUPE MANIPON, Defendant–Appellant

NO. 12555

(CR. NO. 87–0410)

JANUARY 6, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant Edwin Manipon appeals his conviction for Robbery in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708–840(1)(b)(i). The jury was instructed on both Robbery in the First Degree and the lesser included offense of Robbery in the Second Degree. The jury initially returned a verdict of "not guilty" on the lesser included offense, but did not complete the verdict form for the greater offense.

After being re-instructed by the court, the jury returned a verdict of guilty of Robbery in the First Degree. Appellant claims the trial court erred in sending the jury back to complete its verdict and, in so doing, violated his constitutional right against double jeopardy. We find no error and therefore affirm.

I.

On March 13, 1987, Appellant stole a cab driver's money and watch while strangling him with a piece of knotted twine. Appellant's trial on robbery charges commenced on September 15, 1987.

After closing arguments, the trial court instructed the jury on the elements of Robbery in the First Degree and the lesser included offense of Robbery in the Second Degree. The jury was also instructed that, should they find Appellant not guilty of Robbery in the First Degree, then and only then, could they consider any lesser included offense. At 12:12 p.m., the jury retired to deliberate. Approximately two hours later, the jury returned with one verdict form completed, finding Appellant not guilty of Robbery in the Second Degree. The trial judge asked to see the other verdict forms, which were returned unsigned, and then recessed to confer with counsel.

At 2:50 p.m., the judge informed the jury that, because the jury verdict form indicated no verdict was reached with regard to the offense of Robbery in the First Degree, he would re-read certain instructions and allow them to retire to contemplate the unrecorded verdict form. He then re-read the instructions on the elements of the two offenses. He also re-instructed them, that, should they find the defendant not guilty of Robbery in the First Degree, then, and only then, could they bring in a verdict on Robbery in the Second Degree.

At 3:00 p.m., the jury sent a communication stating: "We the jury signed wrong sheet on first deliberation. We are now ready with verdict." The jury found the Appellant guilty of Robbery in the First Degree. The earlier verdict form (finding Appellant not guilty of Robbery in the Second Degree) was returned with the foreperson's name, signature, and date crossed out, the word "error" written in, and initialed by the foreperson. The judge conducted a poll of the jury which reflected a unanimous decision.

## II.

We first consider Appellant's argument that the trial court erred in re–instructing the jury after they returned a "not guilty" verdict on the lesser included offense of Robbery in the Second Degree. He contends that the jury's initial finding of "not guilty" to the lesser included offense precluded the later finding of "guilty" to the greater offense of Robbery in the First Degree. We disagree and find that the trial court acted correctly under the circumstances to assure a proper legal verdict.

As long as the jury remains under the direction of the trial court, it is within the court's province to have them render a correct verdict. *State v. Leevans*, 70 Wash. 2d 681, 424 P.2d 1016, 1020 (1967). "When a verdict is rendered in improper form, is incomplete, is insufficient in substance, is not responsive to or does not cover the issues, or is otherwise defective, the trial court may recommit the verdict to the jury with proper instructions." *Id. See also State v. Culbertson*, 214 Kan. 884, 886–87, 522 P.2d 391, 394 (1974).

In this case, the jury's verdict failed to address the charge of Robbery in the First Degree. The fact that there was no finding on this charge indicated that the verdict was incomplete. Determining that the jury had not completed their duty, the judge reinstructed them on the relevant law and requested they indicate their decision on the charge of Robbery in the First Degree. "When an ambiguous or improper verdict is returned by the jury, the court should permit the jury to correct the mistake before it is discharged." *Dias v. Vanek*, 67 Haw. 114, 117, 679 P.2d 133, 135 (1984). Therefore, the trial court properly re–instructed the jurors in order to obtain a complete and correct verdict before discharging them.

Accordingly, we find that, in the face of an incomplete and ambiguous verdict, the trial judge did not abuse its discretion in instructing the jury to complete the verdict to reflect their decision on Robbery in the First Degree.

## III.

Appellant further argues that the trial court's action in "re–opening" the case and re–instructing the jury placed him twice in jeopardy for the same offense in violation of the fifth amendment to the United States Constitution and article I, § 10 of the Hawaii Constitution. We disagree. We

find that Appellant's rights against double jeopardy were not violated because the trial court did not accept the verdict or discharge the jury.

Appellant claims that he was "re–tried" for the offense of Robbery in the First Degree. Relying on *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957), he contends that the jury's initial finding of not guilty of Robbery in the Second Degree constituted an "implied acquittal" on the greater offense. In *Green*, when the jury returned a guilty verdict on the lesser included offense of second degree murder and remained silent on the charged first degree murder offense, the Court found "an implicit acquittal" of the greater charge.

Appellant's reliance on *Green* is misplaced for several reasons. In this case, Appellant was not found guilty of the lesser offense. Moreover, in *Green*, the Court found that "Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense." 355 U.S. at 191, 78 S. Ct. at 225, 2 L. Ed. 2d at 206. Here, in contrast, the jury was not discharged. There could be no "implied acquittal" to the greater charge because the trial court did not accept the incomplete verdict of the jury. The office of a juror is not discharged until the acceptance of the verdict by the court. *People v. Romero*, 31 Cal. 3d 685, 692, 183 Cal. Rptr. 663, 667, 646 P.2d 824, 829 (1982). As discussed above, it was within the province of the trial court to require the jury to complete their verdict prior to dismissal. *Leevans, supra*. Therefore, Appellant was not "re–tried" twice for the same offense. Accordingly, we hold that Appellant was not twice placed in jeopardy for the same offense.

## IV.

Based on the foregoing reasons, we affirm the Appellant's conviction for Robbery in the First Degree.

*Sheila P. Kim (Linda C. Ramirez* on the brief), Deputy Public Defenders, for Defendant–Appellant.

*G. Cher Foerster*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.