[No. 2535–3. Division Three. January 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES E. FISCH, *Appellant.*

*Weeks, Dietzen & Skala* and *Roland L. Skala,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

MUNSON, J.—Charles Fisch and his mother, Margaret, were codefendants. Charles was charged with possession and delivery of a controlled substance and possession of stolen property, Margaret with possession of stolen property. At the close of the 2–day trial, the jury began deliberations prior to lunch on May 18, 1977. Soon after the lunch break, the jury had completed deliberations on Charles Fisch's case. The jury took two ballots, one on each count, and unanimously found him guilty on both counts. His verdict forms were signed by the foreman. The jury then began deliberations on Margaret Fisch's case. After dinner the jurors had resumed deliberations on her case when one of the jurors became ill and had to be taken to the hospital by ambulance. Margaret was granted a mistrial, Charles was not. The sole question is whether the court erred in ultimately receiving and filing the verdicts finding Charles Fisch guilty on both counts. We affirm.

The trial judge after learning of the juror's illness took the following measures: He assembled the remaining 11 jurors in the courtroom at approximately 9 p.m. on May 18. He requested the verdict forms and questioned the foreman under oath as to the method used by the jury in reaching its verdicts. The foreman testified that at the time the juror became ill deliberations on Charles had been completed and had been resumed on Margaret. The jury had reached a consensus on Margaret's guilt, but had not yet determined whether she was guilty of second– or third–degree theft. The trial judge then polled the 11 jurors; each stated he or she had found Charles Fisch guilty. The trial judge did not accept the verdicts on Charles at that time, but did declare a mistrial as to Margaret. The 11 jurors were discharged. The court retained the verdict forms, the signed ones as to Charles and the unsigned ones as to Margaret.

On June 3, 1977, a hearing was held with only the juror who had been ill being present. He was questioned under oath by the trial judge and by counsel. His testimony corroborated the testimony of the foreman. He remained unequivocal in his position that neither he nor the other

jurors would have changed their minds as to the guilt of Charles Fisch. He also testified that the disagreement as to Margaret had not been on the issue of guilt but only on the degree. After the juror's testimony, the court formally received and filed the verdicts relating to Charles. The court held that there had been compliance with CrR 6.16(a)(2): "When all members of the jury agree upon a verdict, the foreman shall complete and sign the verdict form and return it to the judge in open court." The trial judge noted in his oral ruling that these verdicts were signed while all 12 jurors were present and that the State had presented a "very strong case" against Charles.

The appellant does not allege any infringement of a substantial right but simply speculates as to the "possibility that had the jury been allowed to complete its full deliberation of the co–defendant circumstances may have come about causing their reconsideration of the guilty verdicts as to the appellant, . . ." Although there are no Washington cases directly on point, in those cases in which there has been either a premature discharge of a jury or a mistake in the verdict form, the courts have looked to whether the action taken by the trial court may have infringed on any substantial right of the defendant. *State v. Leevans*, 70 Wn.2d 681, 424 P.2d 1016 (1967); *State v. Badda*, 68 Wn.2d 50, 411 P.2d 411 (1966); *State v. Edwards*, 15 Wn. App. 848, 552 P.2d 1095 (1976). One of the essential elements of the right to trial by jury is that a jury in a felony prosecution consist of 12 persons and that its verdict be unanimous. Those 12 jurors must reach their consensus through deliberations which are the common experience of all of them. *People v. Collins*, 17 Cal. 3d 687, 552 P.2d 742, 131 Cal. Rptr. 782 (1976). The record indisputably reflects, and the appellant concedes, that the jury had concluded deliberations as to him. We find that Charles Fisch had the benefit of the full deliberation of 12 jurors and a unanimous verdict as to him.

The procedure followed here was no different from what is expressly permitted in CrR 6.16(a)(1) relating to

two or more defendants in which the "jury at any time during its deliberations may return a verdict . . . with respect to a defendant . . . as to whom it has agreed; . . ." The action taken by the trial court here was proper and established that all 12 jurors had deliberated and unanimously reached the verdicts as to Charles Fisch. No substantial right of appellant was infringed by the procedure.

Judgment affirmed.

GREEN, C.J., and MCINTURFF, J., concur.