COURT OF APPEALS OF
2013 JUN 10 AM 11: 45



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68148-6-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| LONNIE CURTIS LAMAR, JR., | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: <u>June 10, 2013</u> |

SPEARMAN, A.C.J. — Lonnie Lamar, Jr. was convicted of child molestation in the first degree. On appeal, he claims the trial court violated his constitutional right to an impartial jury and committed reversible error by failing to instruct the reconstituted jury, after deliberations had begun and an alternate juror had replaced an original juror, to disregard previous deliberations and begin deliberations anew. We agree with Lamar. We reverse his conviction and remand for retrial.

## FACTS

The State charged Lamar with rape of a child in the first degree and child molestation in the first degree. The State alleged that on or about January 13, 1998 through July 1, 2000 Lamar had sexual contact and sexual intercourse with his daughter, a minor during that period.

The case went to trial and closing arguments were heard on Friday, October 14, 2011. Before the jury retired, the court excused the alternate juror, Juror 3, directing him to remain available and not talk about the case. The jury deliberated for 45 minutes to one hour that day. On Monday morning, Juror 4 called in sick. The trial court held a hearing with all parties present. The parties agreed to replace Juror 4 with Juror 3. The court told the parties it would "tell the other members of the jury that they should provide [the replacement juror] with a recap of what their deliberations had been on Friday." Report of Proceedings (RP) (10/17/11) at 429. The parties did not object. The jury was brought into the courtroom and the court told the jury:

> Well, ladies and gentlemen, as you can see, Juror No. 4 has not been able to join us this morning. He called in early, I think about 6:00 o'clock, and then called a second time about 7:00 o'clock, indicated that he was ill and that he would not be able to come in. And as I explained to you Friday, that's the whole reason I didn't excuse Juror No. 3.
>
> And so now Juror No. 3 is going to take Juror No. 4's spot so that all 12–we have 12 jurors again.
>
> What I will advise you to do is this: When you go back to the jury room and begin your deliberations, you should spend some time reviewing, recapping with Juror No. 3 any discussion that you may have already had Friday in terms of the case so that he's first brought up to speed in terms of whatever the deliberative process was.
>
> Then once that's been done, resume your deliberations without any other hitches or anything else.

RP (10/17/11) at 430. No objection was made and the jury was excused to begin deliberations.

The jury deliberated for approximately four hours that day. The jury delivered its verdict that afternoon, acquitting Lamar of rape of a child and convicting him of child molestation. The court informed the jury that it was "going to ask you is this how you voted on both of these counts." Each juror, including Juror 3, answered "yes." RP at 432-33.

Lamar appeals.

## DISCUSSION

Lamar claims the trial court violated his constitutional right to an impartial jury through its instruction to the reconstituted jury.[1] He contends the court failed to instruct the reconstituted jury to disregard all previous deliberations and begin deliberations anew as required by CrR 6.5.

A defendant's right to an impartial jury is guaranteed by article I, section 22 of the Washington State Constitution and the Sixth Amendment to the United States Constitution. State v. Latham, 100 Wn.2d 59, 62-63, 667 P.2d 56 (1983). Claims of constitutional error are reviewed de novo. State v. Stanley, 120 Wn. App. 312, 314, 85 P.3d 395 (2004).

CrR 6.5, governing the use of alternate jurors, relates to a defendant's constitutional rights to a fair trial before an impartial jury and to a unanimous verdict. State v. Ashcraft, 71 Wn. App. 444, 463, 859 P.2d 60 (1993). The rule provides, "If the jury has commenced deliberations prior to replacement of an

---

[1] The State contends this claim is not a "manifest error affecting a constitutional right" under RAP 2.5(a)(3) that can be raised for the first time on appeal. Its waiver argument is not well taken. We have held that a trial court's failure to instruct a reconstituted jury on the record to disregard previous deliberations and begin deliberations anew is a manifest constitutional error that can be raised for the first time on appeal. State v. Ashcraft, 71 Wn. App. 444, 463 n.7, 859 P.2d 60 (1993).

3

initial juror with an alternate juror, the jury shall be instructed to disregard all previous deliberations and begin deliberations anew." CrR 6.5. The purpose of such an instruction "is to assure jury unanimity—to assure the parties, the public and any reviewing court that the verdict rendered has been based upon the consensus of the 12 jurors who rendered the final verdict, based upon the common experience of all of them." Ashcraft, 71 Wn. App. at 466 (quoting State v. Fisch, 22 Wn. App. 381, 381, 588 P.2d 1389 (1979). It is "reversible error of constitutional magnitude to fail to instruct the reconstituted jury on the record that it must disregard all prior deliberations and begin deliberations anew." Id. at 464.

Ashcraft and Stanley are instructive. In Ashcraft, the jury had begun deliberations when the trial court replaced one juror with an alternate juror without consulting the defense or instructing the reconstituted jury to begin deliberations anew. Id. at 450. The jury returned a verdict of guilty for two counts of second degree assault and guilty of one count of the lesser included offense of simple assault. Id. at 448, 450. We reversed and remanded for retrial on the basis of the trial courts' failure to instruct the reconstituted jury on the record to disregard all previous deliberations and begin deliberations anew. Id. at 467. Similarly, in Stanley, after the original jury had deliberated for approximately one hour, the trial court replaced a juror with an alternate juror, and the record did not show what instruction, if any, was given to the reconstituted jury. Stanley, 120 Wn. App. at 313. Furthermore, the record did not show whether Stanley or his counsel was present when the alternate juror was seated. Id. at 313. The State conceded error under the circumstances, but argued it was harmless. Id. at 316.

4

We disagreed and reversed the defendant's conviction for felony harassment, noting that as in Ashcraft "[i]t is not beyond the realm of reasonable possibility that the reconstituted jury could have concluded that it need not begin deliberations anew as to any issues already considered by the original 12 jurors."[2] Id. at 317.

Here, we find nothing in the trial court's statements to the reconstituted jury that instructed it to disregard all previous deliberations and begin anew. In fact, the court told the reconstituted jury that the members of the original jury should review their previous deliberations with the replacement juror and bring that juror "up to speed" as to what the original jurors had discussed. The court's remarks suggested that the reconstituted jury should pick up where the previous jury had left off instead of beginning deliberations anew. The instruction was error.

Because the failure to reinstruct the jury raises an error of constitutional magnitude, it is initially presumed prejudicial and the State bears the burden of proving beyond a reasonable doubt that the error is harmless. Ashcraft, 71 Wn. App. at 465-66.

> The presumption may be overcome if and only if the reviewing court is able to express an abiding conviction, based on its independent review of the record, that the error was harmless beyond a reasonable doubt, that is, that it cannot possibly have

---

[2] The State seeks to distinguish Ashcraft and Stanley by pointing out that in those cases neither the defendant nor defense counsel were present when the jury was re-impaneled, so there was no opportunity to object. Its argument appears to be that a trial court's failure to properly instruct a reconstituted jury is not alone a sufficient basis for reversal. But in Ashcraft, while we held the trial court's failure to provide defense counsel the opportunity to object was error, we did not decide whether it was reversible error. We reversed solely on the basis of the trial court's failure to reinstruct the jury. Ashcraft, 71 Wn. App. at 464.

5

influenced the jury adversely to the defendant and did not contribute to the verdict obtained.

Id. at 465.

The State contends any error was harmless, first arguing that the record reflects jury unanimity because each juror was polled. This argument was rejected in Stanley, where the jury was polled and deemed unanimous. Stanley, 120 Wn. App. at 316-18. We stated that "[p]olling the jury cannot substitute for the procedural omissions in this record." Id. at 318. The State also attempts to distinguish the form of polling in this case by pointing out that the jury in Stanley was asked whether "the verdict was both his or her individual verdict as well as the verdict of the jury as a whole," id. at 317, whereas the jurors here were asked if "this is how you voted on both of these counts, . . ." RP 432-33. We see no meaningful distinction, and the State does not explain why the form of questioning in this case more clearly illustrates the unanimity of the jury than in Stanley. The State also notes that the original jury deliberated for only 45 minutes to one hour before the alternate juror replaced the juror who was sick. But the reconstituted jury's entire deliberations took place over a period of only about four or fewer hours.[3] The time the original jury spent deliberating was not insignificant in comparison to the time the reconstituted jury spent deliberating. We are not persuaded that the original jury did not reach agreement on any issues determinative to the two charged counts during the 45 minutes to one

---

[3] The reconstituted jury was excused from the courtroom to begin deliberations at 9:24 a.m. and was back in the courtroom to announce its verdict by 1:34 p.m. The record does not indicate whether the jury deliberated for four hours and ten minutes or for a lesser period (if it took one or more breaks for lunch or another purpose).

hour in which it deliberated. Nor are we persuaded that the reconstituted jury concluded it needed to begin deliberations anew as to any such issues.

We are unable to express an abiding conviction, based on the record, that the error in the trial court's instruction was harmless. Accordingly, we reverse Lamar's conviction and remand for retrial.

Reversed.

Spearman, A.C.J.

WE CONCUR:

Cox, J.