IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ROBERT KENT CHASE,<br><br>Appellant. | No. 85754-1-I<br><br><br>UNPUBLISHED OPINION |

BOWMAN, A.C.J. — Robert Kent Chase appeals his jury conviction for second degree extortion. He argues for the first time on appeal that the trial court violated his right to a fair trial when it dismissed a deliberating juror without first giving the parties an opportunity to be heard. He also challenges a community custody condition as unrelated to his crime. Because Chase does not show manifest constitutional error, he cannot challenge the dismissal of the deliberating juror for the first time on appeal. We affirm his conviction but remand for the trial court to modify his community custody condition.

FACTS

In March 2023, the State charged Chase with second degree extortion.[1] The case proceeded to a jury trial. During jury selection, both parties questioned

---

[1] The State first charged Chase with intimidating a witness and tampering with a witness. It then amended the charges to second degree extortion and harassment. It dismissed the harassment charge before trial.

potential jurors, had the opportunity to challenge potential jurors for cause, and exercised several peremptory challenges. The court impaneled 14 jurors to hear the case, including 2 alternates. During trial, the court dismissed juror 2[2] and replaced him with alternate juror 13, leaving only juror 14 as the alternate.

After closing arguments, the court temporarily excused juror 14. It told him that

> my previous instructions regarding your activities outside the courtroom still apply to you, and they will continue to apply to you until the full jury has completed its deliberations and has been discharged from the case. And we will let you know when that happens.

The court then repeated several instructions for juror 14 that it had given the jury as a whole before trial, including he could not discuss the case with anyone, must act immediately to remove himself from a situation if he overhears any discussion or receives any information related to the case, and must privately notify the bailiff if he becomes aware that he or another juror has been exposed to outside information. And the court reminded juror 14 to keep himself "free of outside influences" as if he were a deliberating juror. It told juror 14 the court would contact him if it needed him for further service.

After temporarily releasing juror 14, the court told the remaining 12 jurors to begin deliberations. The next morning, before the jury resumed deliberations, the court told the parties that

> [w]e had a phone call early this morning that a juror, Juror Number 10 called in and was very ill with a stomach situation, and I don't

---

[2] On the second day of trial, the bailiff told the court that there was "a potential juror issue." The court and parties then questioned juror 2 outside the presence of the other jurors. Chase moved to dismiss juror 2 and the State "defer[red] to Defense."

have a lot of details on it, but [is] unable to attend and deliberate today.  So I informed [the bailiff] that she should let that juror know they're excused for the day and call in [Juror Number 14].

So I understand all the jurors are here now including — other than Juror Number 10.  The alternate Juror Number 14 is back, and they're ready to deliberate.

Neither party objected to the excusal of juror 10 but both parties asked the court to voir dire juror 14 before sending him to deliberate as a member of the reconstituted panel.  The parties asked the court to confirm that juror 14 followed the court's instructions about his conduct outside the courtroom.  During that discussion, Chase's attorney asked the court "just to clarify, Juror Number 10 is dismissed completely, not just for the day."  The court answered, "Right."[3]

The court ultimately declined to voir dire juror 14.  It brought the reconstituted jury panel into the courtroom and told them:

During this trial, Juror Number 14 was an alternate juror.  He has now been seated as a juror in this case.  You must disregard all previous deliberations and begin deliberations anew.
Okay.  You may go back to the jury room to begin your deliberations anew.

After deliberations, the jury returned a guilty verdict.  The court sentenced Chase to 10.5 months of confinement.  And it imposed several community custody conditions, including that Chase "obtain a substance use disorder evaluation and comply with all proposed treatment recommendations under the supervision of the [D]epartment of [C]orrections."

Chase appeals.

---

[3] The parties dispute whether the court responded "right" to Chase's attorney's question or to a simultaneous discussion the court was having with the prosecutor.

ANALYSIS

Chase argues the trial court erred by excusing a deliberating juror[4] without giving the parties an opportunity to be heard. He also argues the court improperly ordered him to obtain a general substance use evaluation because the evidence showed the use of only alcohol during the crime. We address each argument in turn.

1. Dismissal of Juror 10

Chase argues the trial court violated his due process rights to a fair trial by an impartial jury when it improperly excused juror 10. He contends the court must give the parties an opportunity to be heard before dismissing a deliberating juror. The State argues Chase cannot raise the issue for the first time on appeal because he cannot show manifest constitutional error under RAP 2.5(a)(3).[5] We agree with the State.

As a general rule, we will not review an issue raised for the first time on appeal. *See* RAP 2.5(a). But we may do so if the appellant shows the error was manifest and affected a constitutional right. RAP 2.5(a)(3). The manifest constitutional error exception is a narrow one. *State v. WWJ Corp.*, 138 Wn.2d

---

[4] A deliberating juror is a juror sworn-in and seated on the panel who listened to the trial testimony and began deliberations on the case. *State v. Sassen Van Elsloo*, 191 Wn.2d 798, 807-08, 425 P.3d 807 (2018).

[5] Chase argues he need not show manifest constitutional error because he had no opportunity to object to the dismissal of juror 10 when the court excused the juror before informing the parties. But the record shows that the court heard from the parties before reconstituting the jury and sending them to "begin your deliberations anew." And Chase did not object to the excusal of juror 10 at that time. So, he must show any error was manifest and affected a constitutional right. *See State v. Fenwick*, 164 Wn. App. 392, 398, 264 P.3d 284 (2011) (the purpose of objecting is to ensure that the trial court had the opportunity to correct any errors and avoid unnecessary appeals).

595, 602, 980 P.2d 1257 (1999). The party seeking review must show that any error was of constitutional magnitude and that it caused them actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 98-99, 217 P.3d 756 (2009).

It is the duty of the trial judge to excuse from jury service any juror "who in the opinion of the judge" is unfit to serve. RCW 2.36.110. And, under CrR 6.5, an alternate juror

> may be recalled at any time that a regular juror is unable to serve . . . . If the jury has commenced deliberations prior to replacement of an initial juror with an alternate juror, the jury shall be instructed to disregard all previous deliberations and begin deliberations anew.

In *State v. Ashcraft*, 71 Wn. App. 444, 859 P.2d 60 (1993), we considered whether the above process implicates a defendant's constitutional rights. In that case, the trial court temporarily excused an alternate juror after closing arguments and sent the jury to deliberate. *Id.* at 450. Juror 3 then became unavailable, and the court replaced the deliberating juror with an alternate juror. *Id.* The newly constituted jury returned a guilty verdict and the defendant appealed. *Id.* at 450-51. He argued that the court erred by not holding a hearing to consult the parties before releasing the deliberating juror or seating the alternate juror. *Id.* at 460. And he claimed the court also erred by failing to instruct the reconstituted jury to begin deliberations anew. *Id.*

On appeal, we held that the defendant presented two matters directly related to his constitutional rights. *Ashcraft*, 71 Wn. App. at 462-63. The first was whether the court must provide the parties an opportunity to be heard before it seats an alternate juror to deliberate. *Id.* at 462. And the second matter of

constitutional magnitude was whether the court instructed the reconstituted jury that it must begin deliberations anew. *See id.* at 462-63. We determined that the first matter related to the due process rights to a fair trial by an impartial jury and the second touched on the defendant's constitutional rights to a unanimous jury because all 12 jurors must reach their decision through a common deliberation. *Id.* at 463 (citing *State v. Fisch*, 22 Wn. App. 381, 383, 588 P.2d 1389 (1979)).

But we declined to decide whether the failure to hear from the parties before releasing a deliberating juror amounts to constitutional error. *Ashcraft*, 71 Wn. App. at 464.[6] Still, we noted that CrR 6.5 acts as a safeguard of a defendant's rights and that

> the trial court *should* make a reasonable effort to contact both sides for their input into the court's discretionary decision to excuse and replace an initial juror with an alternate juror, even when it factually appears to the court that the initial juror is no longer able to serve.

*Id.*[7]

Twenty-five years later, our Supreme Court resolved the issue in *State v. Sassen Van Elsloo*, 191 Wn.2d 798, 425 P.3d 807 (2018). In that case, the court explained that "although [CrR 6.5] acts as a safeguard for constitutional rights, failure to comply with the rule does not necessarily violate the constitution." *Id.* at 822. It held that when the trial court dismisses a deliberating juror on proper and supported grounds, the replacement of that juror with an alternate "is not a constitutional violation warranting a new trial, as long as the trial judge takes the

---

[6] We did not reach the issue because we "fully agree[d]" the trial court committed "reversible error of constitutional magnitude" by not instructing the jury on the record to "disregard all prior deliberations and begin deliberations anew." *Id.*

[7] Emphasis added.

6

appropriate steps to ensure the defendant's rights to an impartial and unanimous jury are not violated." *Id.* at 820. The court clarified that a trial court improperly dismisses a deliberating juror when it does so because of the juror's view of the merits of the case. *Id.* And it dismisses a juror on unsupported grounds when the record does not support the reason for dismissal. *Id.*

Here, the trial court properly dismissed juror 10. The court dismissed the juror because he was sick and unable to continue participating in deliberations that day. That reason was unrelated to juror 10's view of the merits of the case. And the record supports the reason for dismissal. The court told the parties that the juror called early in the morning, explaining he was "very ill with a stomach situation" and could not deliberate that day.[8] Finally, the record shows that the trial court acted to protect Chase's rights to a fair trial and unanimous jury. It temporarily released juror 14 with proper instructions to remain impartial, heard from the parties before sending the reconstituted jury to deliberate, and properly instructed the reconstituted jury to begin its deliberations "anew." Chase fails to show that the trial court committed manifest constitutional error.

Chase argues that we reached the opposite conclusion in *State v. McGee*, No. 86619-2-I (Wash. Ct. App. Aug. 5, 2024) (unpublished), https://www.courts. wa.gov/opinions/pdf/866192.pdf. In *McGee*, an impaneled juror called in sick after closing arguments but before the jury began deliberations. *Id.*, slip op. at 2-

---

[8] Chase argues that the dismissal was improper because he could have "inquired into when the juror became ill" and "whether the juror could have continued serving in the near future." But, as discussed, a judge may excuse a juror if "in the opinion of the judge," the juror is unfit to serve. RCW 2.36.110. And this record supports the judge's opinion that juror 10 was unfit to serve.

3. Unbeknownst to the court or the parties, the bailiff called the alternate juror and asked her to report to court. *Id.* The alternate then joined the deliberating jurors and the jury reached a verdict. *Id.*, slip op. at 2. When the judge summoned the jury back to the courtroom, the court and the parties learned for the first time that the alternate juror was among them. *Id.*, slip op. at 2-3. We concluded that the process used to discharge the sitting juror and reconstitute the jury was an error of constitutional magnitude. *See id.*, slip op. at 8.

*McGee* is inapt. Unlike here, the bailiff in that case improperly discharged the sitting juror, the parties had no opportunity to address the court before the alternate juror deliberated, and the court did not instruct the jury that it must begin deliberations anew. *See McGee*, slip op. at 2-3.[9]

Because Chase fails to show the trial court committed manifest constitutional error, we decline to review his assignment of error under RAP 2.5(a).[10]

2. Community Custody Condition

Chase argues the community custody condition requiring him to obtain a substance use disorder evaluation is "unauthorized to the extent it requires

---

[9] Chase also cites *State v. Johnson*, 90 Wn. App. 54, 950 P.2d 981 (1998), in support of his argument that releasing a sitting juror without input from counsel is an error of constitutional magnitude. *Johnson* involved a claim that the court erred by seating the alternate juror and restarting deliberations without an opportunity for the parties to be heard. *Id.* at 72. But, again, that error touches on the defendant's right to an impartial jury. *See Ashcraft*, 71 Wn. App. at 462-63; *see also Johnson*, 90 Wn. App. at 73.

[10] Even if Chase could show constitutional error, he shows no prejudice. *See O'Hara*, 167 Wn.2d at 98-99. As recognized in *Sassen Van Elsloo*, while a defendant is entitled to an impartial jury, "replacing an impaneled juror with a suitable alternate does not place a biased juror onto the panel." 191 Wn.2d at 821-22.

evaluation and treatment for drugs, i.e. controlled substances." The State argues RAP 2.5 precludes Chase from challenging this community custody condition for the first time on appeal but does not object to remand if we choose to review the issue. We disagree that RAP 2.5 precludes Chase from raising the issue for the first time on appeal, accept the State's concession, and remand for the court to modify the condition.

As discussed, we generally will not review an issue raised for the first time on appeal. RAP 2.5(a). But appellants may challenge for the first time sentences that do not comply with the sentencing statutes. *State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008). This exception includes challenges to community custody conditions that allege the condition is not crime related. *State v. Warnock*, 174 Wn. App. 608, 611-12, 299 P.3d 1173 (2013).[11] This is so because a community custody condition that is not crime related is unlawful under the Sentencing Reform Act of 1981, chapter 9.94A RCW. *Id.*; *see* RCW 9.94A.703(3).

RCW 9.94A.703(3)(c) and (d) give the court discretion to order an offender to "[p]articipate in crime-related treatment or counseling services" and to "[p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." Chase argues the court improperly ordered him to undergo a general substance abuse evaluation because the

___

[11] We recognize that Division Three of our court sees this issue differently. *See State v. Casimiro*, 8 Wn. App. 2d. 245, 249-50, 438 P.3d 137 (2019) (declining to consider for the first time on appeal defendant's challenge to whether his community custody conditions were crime related, reasoning it is a fact based, not legal, question).

circumstances of his offense show the use of only alcohol, not drugs. The State "has no objection to remanding this matter back to modify this condition to require an evaluation for alcohol abuse and treatment." We accept the State's concession and remand for the court to modify the condition.

In sum, we decline to review for the first time on appeal Chase's challenge to the trial court's dismissal of juror 10 and affirm his conviction for second degree extortion. But we remand for the court to modify Chase's community custody condition that he obtain a general substance use evaluation.

_____, ACJ

WE CONCUR:

Feldman, J.          Cohen, J.

10